UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTAN CORPORATION., | No. C-10-4862 JCS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND; DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| v. | |
| FADEI USA, INC. ET AL., | |
| Defendants. | |
| _____/ | **[Docket No. 13]** |

## I.    INTRODUCTION

Plaintiff Vistan Corporation ("Vistan") filed this action against Defendants Fadei USA, Inc., Pan American Engineering and Equipment Co., Inc., Manuel Silva and Mariani Packing CO., Inc. ("Defendants" or "Counterclaimants"), alleging that Defendants offers for sale and sells tree fruit pitting machines that infringe Vistan's patent rights, U.S. Patent No. 5,870,949 ("the '949 Patent"). Defendants, in turn, have asserted various affirmative defenses and counterclaims. Before the Court is Plaintiff Vistan's Motion to Strike Affirmative Defenses and to Dismiss Counterclaims from Defendants' Answer  ("the Motion"). In the Motion, Vistan asks that the Court strike several of Defendants' affirmative defenses on the basis that they do not, as currently pled, provide adequate notice under Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Vistan further asserts that the counterclaims should be dismissed, both under Rules 8 and 9(b) and under Rule 12(b)(6) for failure to state a claim. Pursuant to Local Rule 7-1(b), the Court finds this Motion suitable for determination without oral argument; the hearing date of April 29, 2011 is VACATED. **The status conference shall remain on calendar and is rescheduled for 1:30 p.m.**  For the reasons stated below, the motion to strike affirmative defenses is DENIED; the motion to dismiss counterclaims is

GRANTED IN PART.

## II. BACKGROUND

### A. Answer to Complaint; Affirmative Defenses; Counterclaims

In their Answers[1] to Complaint; Affirmative Defenses; Counterclaims ("Answer and Counterclaims"), Defendants assert 16 affirmative defenses. Defendants assert numerous equitable and legal defenses including 1) laches; 2) statute of limitations; 3) estoppel; 4) unclean hands and excuse of performance; 5) res judicata; 6) good faith; 7) failure to mitigate; and 8) "attorneys fees."

In the Ninth Affirmative defense, "Patent Invalidity," Defendants assert that "Plaintiff has failed to state a claim for the existence of a valid and enforceable United States Patent." Answer and Counterclaims at 11, ¶ 93. In the Eleventh Affirmative Defense, Defendants assert that "the claims of the '949 Patent are invalid for failure to meet the requirements of the United States patent laws." *Id.*, ¶ 95. In the Tenth Affirmative Defense, the Defendants assert that they have "not infringed any valid and enforceable claim of the '949 Patent." *Id.*, ¶ 94. In the Twelfth Affirmative Defense, Defendants allege that the "claims of the '949 Patent are unenforceable for failure to meet the requirements of the United States Patent laws." *Id.* ¶ 96. Defendants also assert a defense entitled "Adequate Remedy at Law" asserting that Plaintiff is not entitled to seek equitable relief in its Thirteenth Affirmative Defense. *Id.* ¶ 97 Defendants assert in their Fourteenth Affirmative Defense that damages are also barred based on Vistan's failure to properly mark the articles covered by the patents in suit pursuant to 35 U.S.C. § 287. *Id.* ¶ 98. In the Fifteenth Affirmative Defense, "Patent Misuse," Defendants assert that as to the first and second counts of the Complaint, "Defendants are informed and believe and on that basis allege that the 949 Patent is invalid or unenforceable due to misuse of the Plaintiff's alleged patent rights." *Id.* ¶ 99. Finally, in their Sixteenth Affirmative Defense, Defendants assert that "[e]ach and every claim for relief based on allegations of willful misconduct is barred because these answering Defendants received advice of counsel." *Id.* ¶ 100.

Defendants also assert nine counterclaims for a declaratory judgment of invalidity,

---

[1]Defendant Mariani Packing Co. has filed a separate Answer; however, the Answers are virtually identical.

2

noninfringement and unenforceability as to the '949 Patent, alleging that Vistan's patent infringement claims against Defendants are "a manipulation of the patent system" which has allowed Vistan to maintain a monopoly on fruit pitting machines. *Id*. at 14, ¶ 110. In support of this allegation, Defendants assert that Vistan threatens its customers that if they purchase or continue to use machines manufactured by Fadei, they will be participating in an infringement of [its] patents" that this "manipulation of the patent system" has been done by means "which are improper and illegal under the laws of the United States and the State of California." *Id*.

In addition to the counterclaims for declaratory judgment of invalidity and unenforceability (claims 1 and 2), Defendants assert five additional counterclaims: (1) Violation of the Sherman Act § 1 – Contract or Conspiracy in Restrain on Trade (claim 3) ; (2) Violation of Sherman Act § 2 – Unlawful Monopoly (claim 4); (3)  Violation of the Sherman Act § 2 - Attempt to Monopolize (claim 5); (4) Violation of the Sherman Act § 2 - Conspiracy to Monopolize (claim 6 ); (5) tortious interference with prospective economic advantage (claim 7); (6) intentional interference with contract (claim 8); and (7) Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200 *et. seq*. (Claim 9).

### B. The Motion

Vistan asserts that all of Defendants' affirmative defenses and all of Defendants' counterclaims fail as a matter of law because they are supported by insufficient factual allegations and therefore fail under Rules 8 and 9 of the Federal Rules of Civil Procedure.  Vistan also argues that Defendants' claims and defenses are barred by the preclusive effect of the dismissal with prejudice in the prior 2007 litigation (before Judge Illston).  Vistan argues "if *res judicata* is to be invoked in this matter, it should be with respect to Defendants' affirmative defenses and counterclaims that were dismissed with prejudice in the earlier suit." Motion at 9.

**Affirmative Defenses**:

With regard to each affirmative defense, Vistan argues as follows:

**1) Laches and Statute of Limitations Defenses:** Vistan argues that Defendants' affirmative defense of laches consists of a single sentence, reciting the law without any factual

allegations indicating delay or how Defendants have been prejudiced by the delay. Fadei Answer, ¶ 85, 86; Mariani Answer, ¶ 85, 86.

**2) Estoppel:** Vistan argues that Defendants' assertion of estoppel consist of the allegation that Vistan's causes of action are "barred in whole or in part by the doctrine of estoppel, including but not limited to, the prosecution history of the patent in suit." Fadei Answer ¶ 87, Mariani Answer, ¶ 87.

**3) Unclean Hands and Excuse of Performance:** Again, Vistan argues that there are no factual allegations in support of the bare legal conclusion that it is guilty of unclean hands, thereby barring Vistan from relief. Fadei Answer, ¶ 88; Mariani Answer, ¶ 88.

**4) Res Judicata**: Defendants' res judicata defense similarly contains no factual allegations in support. Fadei Answer, ¶ 89; Mariani Answer, ¶ 89. Vistan argues that its Complaint is clearly directed toward a new pitting machine, different from the one asserted in the 2007 litigation. Thus, to the extent the res judicata claim is based upon the prior litigation, the defense fails as a matter of law. Moreover, Mariani was not a party to the 2007 suit. Vistan further argues that "Fadei USA's reliance on *res judicata* is a tacit admission that it stands in the shoes of its parent – as such the 2007 dismissal of defenses and counterclaims with prejudice should be equally applicable to Fadei USA." Motion at 9.

**5) Good Faith:** As with the other defenses, Defendants assert that their actions were in good faith, with no other factual allegations as to how good faith may be a defense in a patent infringement suit. Defendants' pleadings do not identify what actions were taken in good faith, or now their subjective intent is relevant to patent infringement. As such it fails as a matter of law.

**6) Failure to Mitigate**: The failure to mitigate claim similarly includes no factual allegations against Vistan. Fadei Answer, ¶ 91; Mariani Answer, ¶ 91. Vistan also argues that it is not aware of any authority for the proposition that failure to mitigate damages is even available as a defense to patent infringement.

**7) Attorneys Fees**: Vistan argues that Defendants' purported affirmative defense that the Complaint "fails to state facts sufficient to constitute a viable cause of action or theory for the recovery of attorneys' fees" is wholly without merit both because it fails to state an affirmative

4

defense and because it ignores Plaintiff's factual allegations in support of its claims (e.g., willfulness) which would provide for attorneys' fees should Plaintiff prevail in this case. Fadei Answer, ¶ 92; Mariani Answer, ¶ 92.

**8) Patent Invalidity:** Defendants' invalidity affirmative defense is based entirely on the allegation that the claims of the '949 Patent are invalid because "Plaintiff has failed to state a claim for the existence of a valid and enforceable United States Patent." Fadei Answer, ¶ 93; Mariani Answer, ¶ 93. In failing to allege any specific facts or identify which of the statutory requirements has been violated, Defendants fail to provide Vistan with adequate notice of the defense asserted. Vistan argues further that its patent is alleged to be in full force and effect. Compl. ¶¶ 11-12. As such, it is presumed valid under 35 U.S.C. § 282 and Plaintiff is not required to assert the validity of its patent at the pleadings stage. Motion at 10.

**9) Noninfringement:** Vistan argues that Defendant's purported affirmative defense of "noninfringement" is simply a denial of Vistan's claims of infringement. Fadei Answer, ¶ 94; Mariani Answer, ¶ 94. Vistan cites *G & G Closed Circuit Events*, 2010 WL 3749284 at *5 (N.D. Cal. Sept. 23, 2010) for the proposition that denials of allegations in the complaint are not affirmative defenses. Vistan argues that this affirmative defense should be stricken.

**10) Patent Invalidity:** Defendants assert that "the claims of the 949 Patent are invalid for failure to meet the requirements of the United States Patent laws." Fadei Answer, ¶ 95; Mariani Answer, ¶ 95. Vistan argues that Defendants have not alleged a single fact in support of this defense, nor have they challenged in any way the presumption of patent validity under 35 U.S.C. § 282. Most importantly, Defendants' reference to "the United States Patent laws" fails to give adequate notice of the basis of the affirmative defense. Motion at 11 (citing *Qarbon.com Inc. v. Ehelp Corp.*, 315 F.Supp.2d 1046, 1050-51 (N.D. Cal. 2004) (conclusory allegation that a patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically §§ 101, 102, 103 and or 112" considered to be 'radically insufficient.'").

**11) Patent Unenforceable:** As with the previous defense, Defendants fail to do anything more than recite that the claims of the 949 Patent are unenforceable "for failure to meet the requirements of the United States Patent laws." Fadei Answer, ¶ 96; Mariani Answer, ¶ 96. Vistan

5

argues that its patent is presumed valid and Defendants have not asserted any facts in support of the legal conclusion that the patent is "unenforceable." Motion at 11.

**12) Adequate Remedy at Law:** Vistan argues that Defendants' affirmative defense that Vistan is not entitled to seek equitable relief is flatly contradicted by 35 U.S.C. § 283, which provides for injunctive relief "to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Vistan also argues that the Defendants who were subject to the earlier litigation were permanently enjoined from committing acts of infringement as set forth in the Consent Judgment, "despite their unfounded efforts now to suggest that type of relief is unavailable." Motion at 12. Vistan argues that Defendants merely deny allegations in the Complaint, which is not an affirmative defense. *Id.*

**13) Failure to Mark:** Defendants allege that Plaintiff failed to mark its fruit pitting machines with its patent in suit, and that Plaintiff is therefore barred from recovery for damages prior to the filing of the Complaint. Fadei Answer, ¶ 98; Mariani Answer, ¶ 98. Vistan argues that not only were its machines marked since 2003 with the '949 Patent, but Defendants were on notice of their infringement and continued to infringe, making patent marking irrelevant. Motion at 12-13, *citing* 35 U.S.C. §287.

**14) Patent Misuse:** Vistan argues that Defendants make no factual allegations as to how or why Vistan misused its patent rights to the '949 patent, or why it should be considered invalid or unenforceable due to patent misuse. Motion at 13.

**15) Advice of Counsel:** Defendants make no factual allegations as to whether they received advice of counsel before taking infringing actions as asserted in the Complaint, nor do they provide any factual allegations detailing the subject matter of the advice of counsel they allegedly received. Fadei Answer, ¶ 100; Mariani Answer, ¶ 100.

**Counterclaims:**

As with its arguments pertaining to the affirmative defenses, Vistan argues that the Counterclaims should also be stricken for failure to adhere to the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure, and are also barred by the preclusive effect of the dismissal with prejudice in the 2007 litigation. In addition, Vistan brings a motion pursuant to Rule

6

12(b)(6) to dismiss each of the Defendants' counterclaims for failure to state a claim for relief. In the alternative, Vistan brings a motion pursuant to Rules 12(d) and 56 for summary judgment.

### 1) Declaratory Relief Counterclaims – Invalidity and Unenforceability (Counterclaim 1); and Judgment of Non-Infringement (Counterclaim 2):

The declaratory relief counterclaims are identical to three of the affirmative defenses discussed above (affirmative defense numbers 9, 11 and 12) and should be dismissed for the same reasons discussed above. Vistan argues that these Counterclaims consist of bare recitations of legal conclusions and/or requirements, and argues further that the claim is even less specific than the one found by the district court in *Qarbon.com, supra*, to be "radically insufficient." 315 F.Supp.2d at 1051 (counterclaim reciting several statutory provisions as grounds for patent invalidity does not provide patent owner with a basis for assessing the strength of the counterclaim).

### 2) Sherman Act, Section 1 (Counterclaim 3):

Vistan asserts that a Sherman Act claim for a conspiracy to restrain trade may only be brought where there are allegations that reach a threshold "level suggesting conspiracy" to help avid the high cost of discovery in cases where discovery would not reasonably uncover evidence to support the claims. *Twombly*, 550 U.S. at 559. Vistan argues that Defendants have not pleaded any specific facts suggesting a conspiracy to restrain trade; rather, Defendants allege merely that Vistan had lease agreements with its customers. No contract, combination or conspiracy between Vistan and any other entity is alleged; thus, there can be no violation of Section 1 of the Sherman Act. Motion at 16 (*citing Twombly*, 550 U.S. at 564 n. 10 ("the pleadings mentioned no specific time, place, or person involved in the alleged conspiracies.")). Defendants fail to allege how Vistan's lease contracts with its customers for pitting machines unreasonably restrains trade in the relevant market.[2] Motion at 17. Further, Vistan argues that Defendants have not identified any agreements between Vistan and its competitors, "where such agreements might implicate an unlawful trust." *Id.* at 18. Alternatively, Vistan asks this Court to grant summary judgment on this counterclaim.

---

[2]Vistan asks this Court to "take judicial notice that lease contracts are a fixture in U.S. Commerce, notably well-advertised and promoted in the automobile industry." Motion at 17. This request is DENIED. Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

7

**3)   Sherman Act, Section 2 (Counterclaims 4, 5, 6):**

Vistan argues that Defendants' remaining Sherman Act Counterclaims under § 2, unlawful monopoly and attempt to monopolize, fail to include factual allegations sufficient to state a claim. Defendants allege that Vistan possesses a monopoly in the relevant business market, but fails to allege how Vistan's patent rights are not entitled to the benefit "of the government sponsored monopoly that accompanies the grant of a U.S. patent." Motion at 18. In order to prevail on antitrust claims in a patent litigation, Vistan argues that the Defendants must allege and ultimately prove that Vistan's enforcement of its patent rights is a "sham." *See Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of America v. Pennington,* 381 U.S. 657 (1965). Vistan also asserts that there are no facts alleged in the claims that could support a claim for conspiracy. As such, Vistan argues that these claims, as currently pled, fail to assert that this litigation is a sham or objectively baseless and that Claims 4-6 should be dismissed.

**4)   The State Law Tort Claims for Intentional Interference with Prospective Economic Advantage and Intentional Interference With Contract (Counterclaims 7 & 8) and Unfair Business Practices Act – Cal. Bus. & Prof. Code § § 17200,** *et. seq***. (Counterclaim 9)**

With respect to the state law tort claims, Vistan asserts that they are preempted by federal patent law. Citing *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004), Vistan asserts that federal patent law preempts state tort law for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. Motion at 21. As stated above, Defendants merely state through legal conclusions that Vistan is asserting its patent rights in bad faith but have not alleged any facts as to how the litigation of the 2007 litigation could be considered in bad faith. *Id.* As to the claims for intentional interference with contract and with prospective economic relations, Vistan asserts that the claim fails as a matter of law because there is no contract alleged and because the alleged interference – Vistan's enforcement of its patent rights – is not independently wrongful. Defendants have the burden of pleading that Vistan's alleged "interference was wrongful 'by some other measure beyond the fact of the interference itself.'" *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392-93 (Cal. 1995) (citation omitted).

8

### C. The Opposition

In their Opposition, Defendants argue that the affirmative defenses and Counterclaims are sufficiently pled, particularly given the vague nature of Vistan's Complaint. Specifically, Defendants argue that the Plaintiff has failed to allege which claims of the '949 Patent are at issue in the current litigation, making it impossible and premature at this stage to assess the affirmative defenses, and whether res judicata applies to bar the suit based upon the earlier 2007 litigation. Defendants argue that the 2007 Consent Judgment does not preclude their Counterclaims, given that the earlier dismissal applied only to the '949 Patent claims that were at issue in that litigation. Given that the Consent Judgment does not specify which claims were at issue, Vistan's arguments are inappropriate and premature.

Defendants further argue that their claims and defenses are sufficient because their affirmative defenses and counterclaims are governed by Rule 8 of the Federal Rules of Civil Procedure, requiring only notice pleading, rather than Rule 9(b). Defendants argue that "the Ninth Circuit has not settled on whether affirmative defenses fail under the Supreme Court's heightened pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)." Opp. at 7. Defendants also argue that none of their affirmative defenses specifically alleges fraud, and argue "to the extent that Vistan's '949 Patent is unenforceable due to a fraud on the Patent Office, such facts will be alleged and pled when ascertained." Opp. at 10. With respect to the sufficiency of the bad faith allegations, Defendants make no argument in their opposition. As to the tortious interference claims, Defendants do not argue that they have sufficiently alleged an existing relationship between itself and any other entity, nor do they argue why the alleged interference is independently wrongful. Rather, Defendants argue that these claims satisfy Rule 8's requirement of a short and plain statement of entitlement to relief. Defendants also argue that Plaintiff's reliance on extrinsic evidence is inappropriate on a motion to dismiss and that Plaintiff's alternative request for summary judgment is premature and should be denied.

**III.   ANALYSIS**

    **A.   Legal Standard – Motion to Dismiss and Motion to Strike**

A claim should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal can be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* Where a court dismisses for failure to state a claim pursuant to Rule 12(b)(6), it "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). What constitutes fair notice depends on the particular defense in question. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed.2004). Although a defense need not include extensive factual allegations in order to provide fair notice, statements reciting mere legal conclusions may not suffice. *CTF Development, Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7 (N.D. Cal. 2009). Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284 at * 1 (N.D. Cal., Sept. 23, 2010) *citing* 5C Wright & Miller § 1381, at 428; *accord William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986).

    **B.   Application of the Law to the Facts – Motion to Strike Affirmative Defenses**

The Court concludes that the Plaintiff's Motion to Strike the Affirmative Defenses is premature. These affirmative defenses, while boilerplate, are standard affirmative defenses,

appropriate at the outset of the case before discovery has commenced. Given that Plaintiff's Complaint is vague as to which claims of its patent are asserted, the Defendants' counterclaims provide sufficient notice of the defenses at this time. Moreover, the Patent Local Rules will require the specificity that Plaintiff seeks as to the invalidity defense. The parties will engage in discovery and Defendants may decide that a motion for summary judgment is appropriate. In addition, the Court finds Vistan's res judicata arguments based upon the 2007 Consent Judgment to be premature and inappropriate on a motion to dismiss. It is not clear which claims of the '949 Patent were at issue in that case, nor is it clear which claims are asserted in the present litigation. The Motion to Strike affirmative Defenses is DENIED.

### C.  Motion to Dismiss Declaratory Relief Counterclaims (Counterclaims 1 & 2)

The Court concludes that Defendants' declaratory relief counterclaims contain a short and plain statement, which is sufficient to satisfy the pleading requirements of Rule 8. Although the claims merely assert that the claims of the '949 Patent are unenforceable and seek a declaration of invalidity (claim 1) and noninfringement (claim 2), they are sufficient to place Vistan on notice of the claims. This is particularly so in a case, such as this one, where the Plaintiff has not identified which patent claims are at issue in the case. The motion to dismiss Counterclaims 1 and 2 is DENIED. Vistan's alternative request for summary judgment on these claims is premature and is also DENIED.

### D.  Sufficiency of Sherman Act Counterclaims (Counterclaims 3-6)

The Court finds that the Sherman Act Counterclaims are insufficiently pled and must be dismissed with leave to amend. With respect to the Sherman Act § 1 Counterclaim, a Sherman Act claim for a conspiracy to restrain trade may only be brought where there are allegations that reach a threshold "level suggesting conspiracy" to help avoid the high cost of discovery in cases where discovery would not reasonably uncover evidence to support the claims. *Twombly*, 550 U.S. at 559.

Here, Defendants have not pleaded specific facts suggesting a conspiracy to restrain trade; rather, Defendants allege merely that Vistan had lease agreements with its customers. No contract, combination or conspiracy between Vistan and any other entity is alleged. *See Twombly*, 550 U.S. at 564 n. 10 ("the pleadings mentioned no specific time, place, or person involved in the alleged

11

conspiracies.")). Defendants fail to allege how Vistan's lease contracts with its customers for pitting machines unreasonably restrains trade in the relevant market. Motion at 17. The Sherman Act § 1 Counterclaims are insufficiently pled and are hereby DISMISSED WITH LEAVE TO AMEND.[3]

With respect to the Sherman Act § 2 Counterclaims, unlawful monopoly and attempt to monopolize, the Court concludes that these claims are similarly vague and fail to provide Plaintiff with sufficient notice. In order to prevail on antitrust claims in a patent litigation, the Defendants must allege and ultimately prove that Vistan's enforcement of its patent rights is a "sham." *See Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of America v. Pennington,* 381 U.S. 657 (1965). The allegations as currently pled, fail to assert that the present litigation is a sham or objectively baseless. As such, there is no allegation which, if proven true, would allow Defendants to defeat Vistan's protection from antitrust liability by virtue of its patent rights. The claims are DISMISSED WITH LEAVE TO AMEND.

### E. Sufficiency of Tortious Interference Allegations (Counterclaims 7 and 8)

Vistan asserts that Defendants' claim for intentional interference with prospective economic advantage and intentional interference with Defendants' contracts also fail on the grounds that they are preempted by federal patent law. Motion at 21 *citing Globetrotter Software, Inc. v. Elan Computer Group, Inc*., 362 F.3d 1367, 1374 (Fed. Cir. 2004). Defendants do not respond to Plaintiff's preemption arguments; rather Defendants argue simply that these counterclaims are sufficiently pled under *Twombly, supra*. The Court finds that the state law tortious interference claims are insufficiently pled and must be dismissed with leave to amend.

In order to prevail on a claim for intentional interference with prospective economic advantage, a plaintiff must establish the following elements:

> 1) an economic relationship between the plaintiff and third party containing the probability of future economic benefit to the plaintiff, 2) knowledge by the defendant of the existence of the relationship, 3) intentional acts on the part of the defendant designed to disrupt the relationship, 4) actual disruption of the relationship, and 5) damages to the plaintiff proximately caused by the acts of the defendant.

---

[3]Vistan's motion for summary judgment on these claims is DENIED as premature; and the Court has not considered the Rettagliata Declaration.

12

*Visto*, 360 F. Supp. 2d at 1067 (citing *Della Penna v. Toyota Motor Sales USA, Inc.*, 11 Cal. 4th 376, 389 (1995). In addition, "a plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna*, 11 Cal. 4th at 393. California courts have held that independently wrongful conduct includes "actions which are independently actionable, violations of federal or state law or unethical business practices, *e.g.*, violence, misrepresentation, unfounded litigation, defamation, trade libel or trade mark infringement." *PMC, Inc. v. Saban Entm't, Inc.*, 45 Cal. App. 4th 579, 602 (1996).

As explained by the Federal Circuit, ". . .[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. . . . State-law claims [] can survive federal preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement. Accordingly, to avoid preemption, 'bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.' *Globetrotter Software*, 362 F.3d at 1374 (internal citations omitted).

Here, Defendants' counterclaims recite bare legal conclusions and do not allege that Plaintiff's lawsuit was brought in bad faith. Defendants do not allege any facts as to how Vistan has brought its lawsuit in bad faith or how this lawsuit is "objectively baseless." The basic elements for a tort of intentional interference with prospective economic advantage have not been alleged adequately. For example, although Defendants allege that they have "active and ongoing contracts regarding the use of fruit pitting machines" that have been disrupted by Plaintiff, there is no allegation that Vistan had knowledge of the existence of these relationships. Further, there is no allegation regarding whether the Plaintiff's alleged conduct is "independently wrongful." As noted above, unfounded litigation has been held by California courts to be independently wrongful. Similarly, Defendants have not pled with any specificity how Vistan has engaged in fraud in bringing this lawsuit or how the lawsuit constitutes sham litigation. Bare recitations of "fraud" fail to satisfy Rule 9(b)'s heightened pleading standard. Federal patent law preempts conduct that is in

good faith; therefore, Defendants must plead bad faith or else their state law counterclaims are preempted by federal law. The intentional interference with prospective economic advantage and prospective interference with contract claims are DISMISSED WITH LEAVE TO AMEND.

### F. Unfair Business Practices Cal. Bus. & Prof. Code §§ 17200 *et. seq.* (Counterclaim 9)

Defendants' unfair business practices claim relies upon the counterclaims alleging violations of Sections 1 and 2 of the Sherman Act. Because the Sherman Act counterclaims fail to state a claim, the Court similarly dismisses the unfair business practices claim. The ninth counterclaim is DISMISSED WITH LEAVE TO AMEND.

## IV. CONCLUSION

The Motion to Strike Affirmative Defenses is DENIED;

The Motion to Dismiss is GRANTED IN PART AS FOLLOWS:

1) The Motion to Dismiss the Declaratory Relief Claims (Counterclaims 1 & 2) is DENIED;

2) The Motion to Dismiss the Sherman Act Counterclaims (Counterclaims 3-6) is GRANTED WITH LEAVE TO AMEND;

3) The Motion to Dismiss the state law counter-claims (Counterclaims 7-9) is GRANTED WITH LEAVE TO AMEND.

Defendants may file an Amended Counterclaim within ten (10) days of this Order.

IT IS SO ORDERED.

Dated: April 25, 2011

JOSEPH C. SPERO
United States Magistrate Judge