# EXHIBIT A

| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
|   | Robert A. McFarlane, SBN 172650 |
| 2 | rmcfarlane@hansonbridgett.com |
|   | Christopher S. Walters SBN 267262 |
| 3 | cwalters@hansonbridgett.com |
|   | 425 Market Street, 26th Floor |
| 4 | San Francisco, CA 94105 |
|   | Telephone:     (415) 777-3200 |
| 5 | Facsimile:      (415) 541-9366 |
| 6 | REGARD IP LAW |
|   | Michael N. Berg, SBN159771 |
| 7 | mberg@regardip.com |
|   | 425 California Street, Suite 1700 |
| 8 | San Francisco, CA 94104 |
|   | Telephone:     (415) 398-9600 |
| 9 | Facsimile:      (415) 236-6100 |
| 10 | MICHAEL J. BROWN LAW OFFICE LLC |
|    | Michael J. Brown (*pro hac vice*) |
| 11 | michael@mjbrownlaw.com |
|    | 570 W. Mt. Pleasant Avenue, Suite 101 |
| 12 | Livingston, NJ 07039 |
|    | Telephone:     (973) 577-6300 |
| 13 | Facsimile:      (973) 577-6301 |
| 14 | Attorneys for Plaintiff / Counterdefendant |
|    | VISTAN CORPORATION |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| VISTAN CORPORATION,<br>           Plaintiff,<br>    v.<br>FADEI USA, INC., PAN AMERICAN ENGINEERING and EQUIPMENT CO., INC., MANUEL SILVA, and MARIANI PACKING CO., INC.,<br><br>           Defendants. | CIVIL ACTION<br>NO. 10-4862 JCS<br><br>**PLAINTIFF VISTAN CORPORATION'S <u>FIRST AMENDED</u> DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS** |
| FADEI USA, INC., PAN AMERICAN ENGINEERING and EQUIPMENT CO., INC., MANUEL SILVA, and MARIANI PACKING CO., INC.,<br>           Counterclaimants,<br>    v.<br>VISTAN CORPORATION,<br><br>           Counterdefendant. | |

Pursuant to Northern District Patent Local Rule 3-1 and 3-6, Plaintiff Vistan Corporation ("Vistan") serves its First Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions on Defendants.  These are preliminary contentions and subject to revision.

**Patent L.R. 3-1(a):**  *Infringed Claims of Patent In Suit*

The following are the claims of the Patent-In-Suit (U.S. Patent No. 5,870,949 (the "'949 Patent")) are infringed by each opposing party on present information and belief:

Defendant Fadei USA, Inc. ("Fadei USA") infringes Claims 5 and 12 of the '949 Patent, in violation of 35 U.S.C. §271(a) and §271(b).

Defendant Pan American Engineering and Equipment Co., Inc. ("Pan American") infringes Claims 5 and 12 of the '949 Patent, in violation of 35 U.S.C. §271(a) and §271(b).

Defendant Manuel Silva ("Silva") infringes Claims 5 and 12 of the '949 Patent, in violation of 35 U.S.C. §271(a) and §271(b).

Defendant Mariani Packing Co., Inc. ("Mariani") infringes Claims 5 and 12 of the '949 Patent, in violation of 35 U.S.C. §271(a) and §271(b).

**Patent L.R. 3-1(b):**  *Accused Instrumentalities*

The following are the accused apparatuses, products, devices, processes, methods, acts, or other instrumentalities of each defendant for each asserted claim on present information and belief, each of which is referred to as an "Accused Instrumentality." On information and belief, Vistan is aware of two different instrumentalities that share the same model number but have been identified by Defendants with different serial numbers, which are the basis for the infringement claims against all of the defendants.

To the best of Vistan's current information and belief, each element of each of the asserted claims is literally present in the Accused Instrumentalities. Vistan has photographs of one of the Accused Instrumentalities (Model M292, Ser. No. 742), which photographs will be provided as part of Vistan's disclosures, but does not have photographs of a second Accused Instrumentality (Model M292, Ser. No. 725), which Instrumentality was dismantled by Defendants, after Vistan inspected the Instrumentality on the condition imposed by Defendants that it not be photographed.

**As to asserted Claim 5 of the '949 Patent:**

1    The Accused Instrumentalities of Defendant Fadei USA include: fruit pitting machines
2 identified by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines
3 substantially identical thereto.

4    The Accused Instrumentalities of Defendant Pan American include: fruit pitting machines
5 identified by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines
6 substantially identical thereto.

7    The Accused Instrumentalities of Defendant Silva include: fruit pitting machines identified
8 by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines substantially
9 identical thereto.

10   The Accused Instrumentalities of Defendant Mariani include: fruit pitting machines
11 identified by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines
12 substantially identical thereto.

13   **As to asserted Claim 12 of the '949 Patent:**

14   The Accused Instrumentalities of Defendant Fadei USA include: fruit pitting machines
15 identified by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines
16 substantially identical thereto.

17   The Accused Instrumentalities of Defendant Pan American include: fruit pitting machines
18 identified by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines
19 substantially identical thereto.

20   The Accused Instrumentalities of Defendant Silva include: fruit pitting machines identified
21 by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines substantially
22 identical thereto.

23   The Accused Instrumentalities of Defendant Mariani include: fruit pitting machines
24 identified by Model Number M292 and embodied in Serial Nos. 725 and 742 and all machines
25 substantially identical thereto.

26 **Patent L.R. 3-1(c):**  *Claim Chart*

27   A chart identifying specifically where each element of each asserted claim is found within
28 each Accused Instrumentality on present information and belief and in compliance with Patent

PLTF VISTAN'S DISCLOSURE OF ASSERTED CLAIMS & PRELIMINARY INFRINGEMENT CONTENTIONS

1 L.R. 3-1(c) is attached hereto as Exhibit A1.

2 **Patent L.R. 3-1(d):** *Indirect Infringement*

3 Vistan asserts that Defendants Fadei USA, Pan American and Silva have induced and are
4 continuing to induce the direct infringement of Defendant Mariani by offering for sale, selling
5 and/or distributing the Accused Instrumentalities to Mariani and actively promoting Mariani's use
6 of those Instrumentalities in violation of Vistan's rights in the '949 Patent.

7 Vistan asserts that Defendant Mariani has induced the infringement of Defendants Fadei
8 USA, Pan American and Silva by purchasing, ordering, requesting and/or otherwise seeking the
9 import of the Accused Instrumentalities into the US, knowing that the sale, importation or
10 distribution of the Accused Instrumentalities in the US is in violation of Vistan's rights in the '949
11 Patent.

12 Vistan currently believes that the components of the Accused Instrumentalities are
13 manufactured outside of the U.S. To the extent that the Accused Instrumentalities are assembled
14 within the U.S., the circumstances of the importation of components and such assembly may be
15 grounds for additional claims of indirect infringement as well as direct infringement.
16 Accordingly, Vistan reserves its rights to assert additional bases for infringement upon further
17 discovery of relevant facts.

18 **Patent L.R. 3-1(e):** *Literal Presence or Doctrine of Equivalents*

19 As to each Accused Instrumentality, each element of asserted Claims 5 and 12 appears
20 literally. In the case of means-plus-function elements, the Court construed the claim element
21 "active assembly" of claims 5 and 12 under 35 U.S.C. § 112, paragraph 6. The Accused
22 Instrumentality literally infringes this claim element because it includes all structure, or structural
23 equivalents, and the function as the Court has construed it.

24 Notwithstanding the foregoing, to the extent that the Accused Instrumentalities are not
25 deemed to literally satisfy the element of Claim 5 identified as an "an active assembly positioned
26 to engage the holders as the holders pass the pitting knife assembly, and configured to cause the
27 pockets of each of the holders to be in the closed configuration during the pitting operation and to
28 move the pockets of said each of the holders from the closed configuration to the open

1  configuration after the pitting operation," the subject Instrumentalities satisfy said element under
2  the doctrine of equivalents. Likewise, to the extent that the Accused Instrumentalities are not
3  deemed to literally satisfy the element of Claim 12 identified as an "an active assembly positioned
4  to engage the holders as the holders pass the pitting knife assembly, and configured to move
5  relative to the holders so as to vary the gripping force exerted by the pockets on specimens of fruit
6  held in said holders during and after the pitting operation," the subject Instrumentalities satisfy
7  said element under the doctrine of equivalents.

**Patent L.R. 3-1(f):  *Priority From Earlier Application***

Each of the asserted claims of the '949 Patent is entitled to a priority date of April 24, 1998, based on the filing date of application serial number 09/065,917.  The '949 Patent makes no claim of priority ~~from~~ to an earlier application.

**Patent L.R. 3-1(g):  *Vistan's Reliance on its Own Instrumentalities That Practice the Claimed Invention***

Vistan does not wish to preserve its right to rely on its own apparatuses, products, devices, processes, methods, acts, or other instrumentalities which practice the asserted claims of the '949 Patent.

**Patent L.R. 3-1(h):  *Willful Infringement***

Vistan alleges that each of the Defendants' infringement of the '949 Patent is willful as follows:

Upon information and belief, Defendant Fadei USA is a wholly owned subsidiary of Fadei S.A. The corporate officers of Fadei USA, Juan Morsucci, Mauricio Politino, and Silva were aware of Vistan's rights in the '949 Patent well prior to the activities alleged in the Complaint. In particular, Vistan sued Fadei S.A., Pan American and Silva in this Court by a complaint filed in January of 2007 for infringement of the '949 Patent based upon a different fruit pitting machine ("the 2007 Litigation"). The principals and corporate officers of Fadei USA have known of Vistan's rights in the '949 Patent since at least as early as October 24, 2007, when a settlement agreement was executed resolving the 2007 Litigation. This settlement agreement contained a specific representation by Fadei USA's parent company that it would not infringe the '949 Patent.

The Accused Instrumentalities pit the same type of fruit as the fruit pitting machines that were the subject of the 2007 Litigation.

Defendant Pan American and its president, Silva, were aware of Vistan's rights in the '949 Patent well prior to the activities alleged in the Complaint. In particular, in the 2007 Litigation, Vistan sued Fadei S.A., Pan American and Silva in this Court for infringement of the '949 Patent based upon a different fruit pitting machine. Pan American and Silva have known of Vistan's rights in the '949 Patent since at least October 24, 2007, when a settlement agreement was executed resolving the 2007 Litigation. This settlement agreement contained a specific representation by both Pan American and Silva that they would not infringe the '949 Patent. The Accused Instrumentalities pit the same type of fruit as the fruit pitting machines that were the subject of the 2007 Litigation.

Defendant Mariani was aware of Vistan's rights in the '949 Patent well prior to the actions alleged in the Complaint. Mariani was aware of the 2007 Litigation during its pendency and provided Vistan with access to Mariani's production line of Vistan's fruit pitting machines for the purpose of assisting Vistan's engineers and consultants with a comparison of features of Vistan's fruit pitting machines and the machines accused of infringement of the '949 Patent in the 2007 Litigation. Vistan advised Mariani by a letter dated June 6, 2006, of Vistan's concerns that Mariani might be considering purchasing an infringing fruit pitting machine from Fadei S.A. and/or the other Defendants. Further, on several occasions prior to the filing of the complaint, Vistan advised Mariani of its concerns that the Fadei pitting machines might be infringing and suggested that Mariani retain counsel to analyze the question of infringement for itself. Upon information and belief, Mariani did not retain counsel to compare the Accused Instrumentalities with the '949 Patent until shortly before the complaint initiating the present action was filed. In addition, Vistan and Mariani contractually agreed to provide Vistan with access to the Fadei pitting machines for the purpose of confirming whether the '949 Patent was infringed. While Mariani provided Vistan with access to one of the Accused Instrumentalities, Mariani breached its contractual obligations by not providing Vistan with access to the other Accused Instrumentality which was present at Mariani's facility on the date of Vistan's visit.

**Additional Contentions and Disclosures in Connection With Patent Local Rules 3-1 – 3-2**

Discovery in this action is ~~just beginning~~continuing, and Defendants have yet to produce numerous categories of documents.  Vistan expects that it will serve further document requests based on the recent claim construction ruling.  It is anticipated that additional and substantial details about the design, structure and operation of the Accused Instrumentalities will be revealed as discovery proceeds. These First Amended Preliminary Infringement Contentions are based on the information that is currently available to Vistan. Vistan reserves the right to assert and/or allege that other instrumentalities of Defendants infringe one or more claims of the '949 Patent, and/or that the Accused Instrumentalities infringe additional claims of the '949 Patent and/or to make additional assertions if such facts become evident in the future. Exhibit A~~1~~ is being submitted without prejudice and/or admissions, as discovery is not completed ~~and a claim construction ("Markman") hearing has not been conducted~~.

Vistan ~~is~~ produc~~ing~~ed document~~s~~ ~~herewith~~ with its Preliminary Infringement Contentions served on June 10, 2011, pursuant to Northern District Patent Local Rule 3-2. ~~In the absence of a signed protective order in this case, disclosure and use of any and all documents produced by Vistan and marked "Confidential" shall be limited as set forth in Patent Local Rule 2-2.~~ Consistent with Patent L.R. 3-2, Vistan's production of documents does not constitute and shall not be deemed to be an admission that any documents produced evidence, constitute, or are relevant to prior art under 35 U.S.C. § 102.

With these limitations and restrictions, the documents produced in response to Northern District Patent Local Rule 3-2(a) are Production numbers: (**no such documents exist**)

With these limitations and restrictions, the documents produced in response to Northern District Patent Local Rule 3-2(b) are Production numbers: 0392, 0393, 0447, 0453, 0472, and 0475 (**documents to be provided shortly**)

With these limitations and restrictions, the documents produced in response to Northern District Patent Local Rule Rule 3-2(c) are Production numbers: **0001 through 0391**

With these limitations and restrictions, the documents produced in response to Northern District Patent Local Rule Rule 3-2(d) are production numbers: **0485 through 0489**

1  With these limitations and restrictions, the documents produced in response to Northern
2 District Patent Local Rule 3-2(e) are Production numbers: (**no such documents exist**)
3  While the documents have been identified as relating to these general categories,
4 documents listed as responsive to Rule 3-2(a) may also be responsive to Rule 3-2(b) and vice-
5 versa.
6  Vistan reserves the right to supplement its disclosure of documents if it later discovers or
7 identifies any other responsive documents.

9 DATED: May 24, 2012            HANSON BRIDGETT LLP

By:    */s/ Robert A. McFarlane*
ROBERT A. McFARLANE
Attorneys for Plaintiff / Counterdefendant
VISTAN CORPORATION

**EXHIBIT A1**
**U.S. Patent No. 5,870,949**

**Patent Local Rule 3~~0~~-1(c)**

**Plaintiff Vistan Corporation's First Amended Disclosure of Asserted Claims
and Preliminary Infringement Contentions**

| Vistan's U.S. Patent No. 5,870,949 | Defendants' Accused Instrumentalities |
|---|---|
| ***INDEPENDENT CLAIM 5*** | |
| 5. A fruit pitting apparatus, including: | The Accused Instrumentalities each are fruit pitting machines. |
| a frame; | The Accused Instrumentalities each have a frame. |
| holders having pockets dimensioned to hold soft fruit, each of the pockets being configured to be movable between an open configuration and a closed configuration; | The Accused Instrumentalities each have holders having pockets dimensioned to hold soft fruit. The pockets are configured to be movable between an open configuration and a closed configuration. The holders have a pitting rubber at the bottom of each pocket. The pitting rubbers each have a central hole through which a pit, and a pitting knife may pass. |
| a pitting knife assembly mounted to the frame and including a knife set and a knife drive assembly, wherein the knife set includes one or more pitting knives, and the knife drive assembly is coupled to the knife set and configured to drive the knife set along a pitting path relative to each of the holders; | The Accused Instrumentalities each have a pitting knife assembly mounted to the frame, which pitting knife assembly includes a knife set and knife drive assembly. The knife set of each of the Accused Instrumentalities includes one or more pitting knives. The knife drive assembly of each of the Accused Instrumentalities is coupled to the knife set and configured to drive the knife set along a pitting path relative to each of the holders. The pitting path of the knife set is perpendicular or nearly perpendicular relative to the holders. The knife drive assembly of at least one of the Accused Instrumentalities includes an arm driven by a cam. As the pitting knives travel along the pitting path, the tip of the pitting knives moves from a position above and clear of the holders at its highest position, to a position through the holders and through a pitting rubber at the bottom of the holders, the lowest position of the pitting path. The pitting of the fruit is complete before the pitting knives reach the lowest position of the pitting path. |
| a holder drive assembly coupled to the holders and configured to | The Accused Instrumentalities each have a holder drive assembly coupled to the holders, which holder drive |

| | | |
|---|---|---|
| 1 | translate the holders intermittently around a closed loop such that each of the holders passes the pitting knife assembly while translating intermittently around the loop, and each of the holders is stationary relative to the frame each time the knife set performs a pitting operation on fruit in said each of the holders; | assembly is configured to translate the holders intermittently around a closed loop so that each of the holders passes through the pitting location, while translating intermittently around the closed loop. Each of the holders is stationary relative to the frame each time the knife set performs a pitting operation on fruit in the holders. The pitting operation is performed with the knife set moving perpendicular or nearly perpendicular to the holders, where the pitting knives enter the fruit at the top, pass through the fruit, driving the pit through the fruit and out the bottom of the holders. |
| | an active assembly positioned to engage the holders as the holders pass the pitting knife assembly, and configured to cause the pockets of each of the holders to be in the closed configuration during the pitting operation and to move the pockets of said each of the holders from the closed configuration to the open configuration after the pitting operation thereby improving efficiency of separation of pitted fruit flesh from the holders after said pitting operation. | The Accused Instrumentalities each have an active assembly positioned to engage the holders as the holders pass the pitting knife assembly and configured to cause the pockets of each of the holders to be in the closed position during the pitting operation. Part of the active assembly of at least one of the Accused Instrumentalities is a ~~second arm~~ pair of actuator arms (mechanical linear actuators) driven by the same cam that drives the arm of the knife drive assembly.  The actuator arms~~This second arm~~ ~~drives~~ each drive a lever, and each lever is coupled to a cam track.  The first and second cam tracks apply ~~that applies~~ pressure toward the holders to cause the pockets of the holders to be in the closed position. As the cam rotates, the ~~second~~ actuator arms of at least one of the Accused Instrumentalities release~~s~~ the pressure on the lever~~s~~ and the cam tracks, and the pockets move to the open position at the time the pitting operation is over. The cam is at least a part of a timing system that generates a mechanical control signal as it rotates, where the actuator arms move the cam tracks in response to the control signal. The active assembly, the pitting knife assembly, and the holder conveyor all operate in synchronism. The active assembly of at least one of the Accused Instrumentalities also comprises a spring that assists in moving the pockets of each of the holders from the closed configuration to the open configuration after the pitting operation. The pockets of the holders start to move from the closed position toward the open position after the fruit has been pitted, but before the pitting knives reach the lowest point on the pitting path.<br><br>In an additional infringing aspect, upon information and belief,  the Accused Instrumentalities also include a controller, which functions at least as a part of a timing system, that generates electrical control signals that direct the actuators to move the cam tracks and that ensure that |

|  |  |
|---|---|
|  | the active assembly, the pitting knife assembly, and the holder conveyor all operate in synchronism.<br><br>The active assembly, at least in part, may be seen in DEF00026 and DEF00038. Further discovery is ongoing. |
| ***INDEPENDENT CLAIM 12*** |  |
| 12. A fruit pitting apparatus, including: | The Accused Instrumentalities are fruit pitting machines. |
| a frame; | The Accused Instrumentalities each have a frame. |
| holders having pockets dimensioned to hold soft fruit, each of the pockets being configured to exert variable gripping force on a specimen of fruit held thereby; | The Accused Instrumentalities each have holders having pockets dimensioned to hold soft fruit. The pockets are configured to be movable between an open configuration and a closed configuration. The holders have a pitting rubber at the bottom of each pocket. The pitting rubbers each have a central hole through which a pit, and a pitting knife may pass. |
| a pitting knife assembly mounted to the frame and including a knife set and a knife drive assembly, wherein the knife set includes at least one pitting knife and the knife drive assembly is coupled to the knife set and configured to drive the knife set along a pitting path relative to each of the holders; | The Accused Instrumentalities each have a pitting knife assembly mounted to the frame, which pitting knife assembly includes a knife set and knife drive assembly. The knife set of each of the Accused Instrumentalities includes one or more pitting knives. The knife drive assembly of each of the Accused Instrumentalities is coupled to the knife set and configured to drive the knife set along a pitting path relative to each of the holders. The pitting path of the knife set is perpendicular or nearly perpendicular relative to the holders. The knife drive assembly of at least one of the Accused Instrumentalities includes an arm driven by a cam. As the pitting knives travel along the pitting path, the tip of the pitting knives moves from a position above and clear of the holders at its highest position, to a position through the holders and through a pitting rubber at the bottom of the holders, the lowest position of the pitting path. The pitting of the fruit is complete before the pitting knives reach the lowest position of the pitting path. |
| a holder drive assembly coupled to the holders and configured to translate the holders intermittently around a closed loop such that each of the holders passes the pitting knife assembly while | The Accused Instrumentalities each have a holder drive assembly coupled to the holders, which holder drive assembly is configured to translate the holders intermittently around a closed loop so that each of the holders passes through the pitting location, while translating intermittently around the closed loop. Each of |

| | |
|---|---|
| translating intermittently around the loop, and each of the holders is stationary relative to the frame each time the knife set performs a pitting operation on fruit in said each of the holders; | the holders is stationary relative to the frame each time the knife set performs a pitting operation on fruit in the holders. The pitting operation is performed with the knife set moving perpendicular or nearly perpendicular to the holders, where the pitting knives enter the fruit at the top, pass through the fruit, driving the pit through the fruit and out the bottom of the holders. |
| an active assembly positioned to engage the holders as the holders pass the pitting knife assembly, and configured to move relative to the holders so as to vary the gripping force exerted by the pockets on specimens of fruit held in said holders during and after the pitting operation, thereby improving efficiency of separation of pitted fruit flesh from the holders after said pitting operation. | The Accused Instrumentalities each have an active assembly positioned to engage the holders as the holders pass the pitting knife assembly and configured to cause the pockets of each of the holders to exert variable gripping force on the specimens of fruit during and after the pitting operation. Part of the active assembly of at least one of the Accused Instrumentalities is ~~a second~~ a pair of actuator arms (mechanical linear actuators) driven by the same cam that drives the arm of the knife drive assembly. The actuator arms ~~is second arm~~ each drives a lever, and each lever ~~that~~ is coupled to a cam track. The first and second cam tracks apply ~~applies~~ pressure toward the holders to cause the pockets of the holders to apply increased pressure upon the fruit. As the cam rotates, the ~~second~~ actuator arms of at least one of the Accused Instrumentalities increases and then releases the pressure on the levers, and the cam tracks move relative to the holder. The release in pressure on the levers thereby releases the pressure on the fruit, around the time the pitting operation is over. The cam is at least a part of a timing system that generates a mechanical control signal as it rotates, where the actuator arms move the cam tracks in response to the control signal. The active assembly, the pitting knife assembly, and the holder conveyor all operate in synchronism. The active assembly of at least one of the Accused Instrumentalities also comprises a spring that assists in releasing the gripping force of the pockets of each of the holders after the pitting operation. The gripping force of the pockets of the holders starts to be released after the fruit has been pitted, but before the pitting knives reach the lowest point on the pitting path.<br><br>In an additional infringing aspect, upon information and belief, the Accused Instrumentalities also include a controller, which functions at least as a part of a timing system, that generates electrical control signals that direct the actuators to move the cam tracks and that ensure that the active assembly, the pitting knife assembly, and the holder conveyor all operate in synchronism. |

| | |
|---|---|
| | The active assembly, at least in part, may be seen in DEF00026 and DEF00038. Further discovery is ongoing. |