EXHIBIT B

1  DOWNEY BRAND LLP
   MICHAEL J. THOMAS (Bar No. 172326)
2  ANDREW L. COLLIER (Bar No. 191137)
   ~~RYAN C. WOOD~~SEAN FILIPINNI (Bar No.
3  ~~232267~~232380)
   621 Capitol Mall, 18th Floor
4  Sacramento, CA  95814-4731
   Telephone: (916) 444-1000
5  Facsimile: (916) 444-2100
   mthomas@downeybrand.com
6
   ~~rwood~~sfilippini@downeybrand.com
7
   Attorneys for Defendants/Counterclaimants
8  FADEI USA, INC., PAN AMERICAN
   ENGINEERING and EQUIPMENT CO., INC.,
9  MANUEL SILVA, and MARIANI PACKING CO.,
   INC.
10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13
   VISTAN CORPORATION,                  Case No.  C 10-4862 JCS
14
            Plaintiff,                  **DEFENDANTS' FIRST AMENDED
15                                      INVALIDITY CONTENTIONS** ~~AND~~
        v.                              ~~ACCOMPANYING DOCUMENT
16                                      PRODUCTION~~  **[PATENT L.R. 3-3, 3-4,
                                        3-6]**
17 FADEI USA, INC., PAN AMERICAN
   ENGINEERING and EQUIPMENT CO.,
   INC., MANUEL SILVA, and MARIANI
18 PACKING CO., INC.
19          Defendants.
20
   ─────────────────────────────────
21 AND RELATED COUNTERCLAIMS.
22
23
24
25
26
27                     EXHIBIT B
28
   ~~1230194.1~~1230194.4                    1
   ─────────────────────────────────────────────
   DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

1  Defendants Mariani Packing Co., Inc. ("Mariani"), Fadei USA, Inc. ("Fadei USA"), Pan

2  American Engineering and Equipment Company Co., Inc. ("Pan American"), and Manuel Silva

3  ("Silva") (collectively, the "Defendants") submit the following as their First Amended Invalidity

4  Contentions for U.S. Patent Number 5,870,949 ("the '949 patent") pursuant to Patent L.R. 3-3

5  ~~and identify and produce documents pursuant to Patent L.R.~~, 3-~~3 and Patent L~~6~~.~~R. 3-~~4~~.

6  **PRELIMINARY STATEMENT, RESERVATION OF RIGHTS,**

7  **AND GENERAL OBJECTIONS**

8  1.  ~~This disclosure is~~These First Amended Invalidity Contentions are directed to

9  invalidity issues only. Because the Local Patent Rules do not require any disclosures regarding

10  unenforceability~~,~~ or infringement ~~or claim construction issues~~, this disclosure does not

11  necessarily address those issues, and Defendants reserve all rights, including the right to address

12  them at a later time.

13  2.  These First Amended Invalidity Contentions are based on Defendants' current

14  knowledge, understanding, and belief as to the facts and information available as of the date of

15  these contentions.  Discovery in this action is ongoing, and Plaintiff has not completed its

16  document production, and Defendants have not completed their investigation, discovery, or

17  analysis of information related to this action.

18  ~~3.   Plaintiff has violated the Local Patent Rules and has failed to produce all~~

19  ~~documents required under Local Patent Rule 3-2 in a timely manner, and has materially~~

20  ~~prejudiced Defendants right to a full and fair opportunity to prepare these contentions following,~~

21  ~~and in view of, Plaintiff's document production.  Accordingly, Defendants reserve all rights~~

22  ~~amend or modify these disclosures at a later time based on Plaintiff's untimely production.~~

23  ~~4~~3.  While Defendants have made a diligent and good-faith effort to provide a

24  comprehensive list of prior art relevant to this case, Defendants reserve the right to seek leave of

25  Court to amend, supplement, or materially modify its prior art list and these First Amended

26  Invalidity Contentions as discovery progresses pursuant to Patent Local Rule 3-6 and consistent

27  with section I.C. This reservation of rights includes the right to supplement prior art under 35

28  U.S.C. §§ 102(a), (b), (c), (d), (e), (f), and (g), and 103 ~~and 112~~ based on information Defendants

~~1230194.1~~1230194.4                              1

may learn during discovery in this case.

~~5~~4.    Defendants provide these First Amended Invalidity Contentions ~~prior to any~~based on the recent claim construction ruling by the Court with respect to the claims of the '949 patent asserted by Plaintiff in its proposed First Amended Infringement Contentions~~. Any invalidity analysis may depend, ultimately, upon claim construction, which is a question of law reserved for the Court.  Defendants reserve the right to seek leave to amend, supplement, or materially modify their prior art list and invalidity contentions after the claims have been construed by the Court.  Defendants also reserve the right to seek leave to amend, supplement, or materially modify their prior art list and invalidity contentions based on any claim construction positions that Plaintiff may take in this case. Defendants also reserve the right to seek leave to assert new arguments that a claim is anticipated, obvious, indefinite, not enabled, or fails to meet the written description requirement based on any claim construction position Plaintiff may take or based on any claim construction the Court may adopt in this case.~~, and pursuant to Patent Local Rule 3-6, reserving all rights of appeal relative to that ruling.

~~6.    To the extent that these Invalidity Contentions reflect constructions of claim terms that may be consistent with or implicit in Plaintiff's Infringement Contentions, no inference is intended or should be drawn that the Defendants agree with such claim constructions.  Any statement herein describing or tending to describe any claim element is provided solely for the purpose of understanding the relevant prior art and the invalidity contention herein.  The Defendants expressly~~ ~~reserve the right to~~ ~~propose any claim construction they consider appropriate and/or to contest any claim construction they consider inappropriate.  In part because of the uncertainty of claim construction, the Defendants' Invalidity Contentions are sometimes made in the alternative and are not necessarily intended to be consistent with each other, and should be viewed accordingly.  Further, by including in this disclosure~~ ~~prior art that would be anticipatory or render a claim obvious based on a particular scope or construction of the claims, including that apparently applied by Plaintiff in its Infringement Contentions, the Defendants' Invalidity Contentions herein are not, and should in no way be seen as adoptions or admissions as to the accuracy of such scope or construction.~~

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INVALIDITY CONTENTIONS (PATENT L.R. 3-3)

**A.     Patent L.R. 3-3(a):  Identification of Prior Art**

Plaintiff accuses Defendants of infringing two (2) claims of ~~U.S. Patent Number 5,870,949 (~~the "949 patent~~")~~, in particular claims 5 and 12 (collectively, the "Asserted Claims"). *See* Plaintiff's (Proposed)Amended Infringement Contentions.  The Asserted Claims of the '949 patent are invalid in view of what few prior art references were before and considered by the patent examiner during prosecution, and in view of the additional prior art references disclosed herein, which can alone, or in combination, render the asserted claims of the '949 patent invalid.

Pursuant to Patent L.R. 3-3(a), in addition to the prior art identified in the '949 patent and prosecution history, at least the following prior art references are relevant to the validity of the '949 patent, and may alone, or in combination, render the asserted claims of the '949 patent invalid:

| | |
|---|---|
| Great Britain Patent No. 1,072,178 | Published June 14, 1967 |
| U.S. Patent No. 5,870,949 | February 16, 1999 |
| U.S. Patent No. 4,213,382 | July 22, 1980 |
| U.S. Patent No. 3,282,314 | November 1, 1966 |
| U.S. Patent No. 4,122,765 | October 31, 1978 |
| U.S. Patent No. 5,577,439 | November 26, 1996 |
| U.S. Patent No. 3,061,070 | October 30, 1962 |
| U.S. Patent No. 4,306,649 | December 21, 1981 |
| U.S. Patent No. 1,071,333 | August 26, 1913 |
| U.S. Patent No. 1,802,973 | April 28, 1931 |
| U.S. Patent No. 2,938,620 | May 31, 1960 |
| U.S. Patent No. 3,088,582 | May 7, 1963 |
| U.S. Patent No. 3,199,558 | August 10, 1965 |
| Great Britain Patent No. 548,940 | Accepted October 30, 1942 |
| Australia/U.K. Patent No. 664,500 | Published January 9, 1952 |

| | |
|---|---|
| U.S. Patent No. 436,629 | September 16, 1890 |
| U.S. Patent No. 1,443,621 | January 30, 1923 |
| U.S. Patent No. 2,265,515 | December 9, 1941 |
| U.S. Patent No. 3,469,612 | September 30, 1969 |
| U.S. Patent No. 2,360,103 | October 10, 1944 |
| U.S. Patent No. 2,413,861 | January 7, 1947 |
| U.S. Patent No. 2,558,205 | June 26, 1951 |
| U.S. Patent No. 2,567,591 | September 11, 1951 |
| U.S. Patent No. 2,688,352 | September 7, 1954 |
| U.S. Patent No. 2,740,440 | April 3, 1956 |
| U.S. Patent No. 2,827,088 | March 18, 1958 |
| U.S. Patent No. 3,291,172 | December 13, 1966 |
| U.S. Patent No. 3,305,071 | February 21, 1967 |
| U.S. Patent No. 3,318,349 | May 9, 1967 |
| U.S. Patent No. 4,308,292 | December 29, 1981 |
| U.S. Patent No. 3,561,583 | February 9, 1971 |
| U.S. Patent No. 3,915,082 | October 28, 1975 |
| U.S. Patent No. 3,965,809 | June 29, 1976 |
| U.S. Patent No. 4,009,650 | March 1, 1977 |
| U.S. Patent No. 4,096,795 | June 27, 1978 |
| U.S. Patent No. 4,103,607 | August 1, 1978 |
| U.S. Patent No. 4,216,712 | August 12, 1980 |
| U.S. Patent No. 4,871,568 | October 3, 1989 |
| U.S. Patent No. 5,577,439 | November 26, 1996 |
| U.S. Patent No. 3,556,281 | January 19, 1971 |
| U.S. Patent No.3,618,648 | November 9, 1971 |
| U.S. Patent No. 3,738,257 | June 12, 1973 |

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

1    U.S. Patent No. 3,910,416        October 7, 1975

2
     U.S. Patent No. 4,485,732        December 4, 1984
3
     U.S. Patent No. 5,024,147        June 18, 1991
4
     U.S. Patent No. 5,619,912        April 15, 1997
5
     U.S. Patent No. 3,180,477        April 27, 1965
6
            Document entitled:  Herbort "High Capacity Pitting Machine for Cherries 27A, for Plums
7
     27F"
8
            2 Page brochure by Elliott Manufacturing Co. discloses a prune pitting apparatus
9
            Letter dated October 21, 1997 (and quotation attached thereto) by Elliott Manufacturing
10
     Company, inc. refers to and describes a prune pitting apparatus
11
            Herbort Cherry and Plum Pitter Model 27A Operating Instructions and Spare Part List
12
**B.     Patent L.R. 3-3(b):  Anticipation and/or Obviousness**
13
            Pursuant to Patent L.R. 3-3(b), Defendants identify the items of prior art that anticipate
14
     the asserted claim(s) or render it obvious.
15
            Claims 5 and 12 are anticipated under 35 U.S.C. § 102 in view of British Patent No.
16
     1,072,178, published in 1967 (30 years prior) to Sunsweet Growers (the "Sunsweet Patent").  The
17
     Sunsweet Patent discloses a support structure or frame upon which the features of the apparatus
18
     are mounted; grippers or means for holding the fruit during pitting operations; a pitting plunger
19
     or knife used for pitting; and cam operated grippers which vary the gripping force during and
20
     after pitting and a drive assembly used go translate the held fruit.  As for the intermittent element
21
     of the Asserted Claims of the '949 patent, intermittent pitting machines were well known in the
22
     art (*see infra*), and "a skilled artisan could take [Sunsweet's] teachings in combination with his
23
     own knowledge and be in possession of the device of applicant's claim."  *In re Graves,* 69 F.3d
24
     1147, 36 U.S.P.Q.2d (BNA) 1697 (Fed. Cir. 1995)(finding inherent anticipation under section
25
     102); *Fenton Golf Trust v. Cobra Golf, Inc.*,48 U.S.P.Q.2d (BNA) 1198 (N.D. Ill. 1998)(finding
26
     inherent anticipation under section 102).  Thus, a person having ordinary skill in the art would
27
     certainly have understood that a pitting apparatus could be adapted to be operated intermittently,
28

rather than continuously.  Accordingly, the '949 patent is anticipated under section 102 by British

Patent No. 1,072,178.  This single prior art reference also renders the '949 patent obvious under

35 U.S.C. § 103.

  With respect to obviousness in view of combinations of prior art under 35 U.S.C. § 103,

the U.S. Supreme Court's decision in *KSR International Co. v. Teleflex Inc., et al.*, 550 U.S. 398,

415-16 (2007) ("KSR") held that a claimed invention can be obvious even if (assuming for the

sake of argument and not by way of admission) there is no teaching, suggestion, or motivation for

combining the prior art to produce that invention. In summary, *KSR* holds that patents that are

based on new combinations of elements or components already known in a technical field may be

found to be obvious. *See generally KSR*, 550 U.S. 398. Specifically, the Court in *KSR* rejected a

rigid application of the "teaching, suggestion, or motivation [to combine]" test. *Id*. at 418. "In

determining whether the subject matter of a patent claim is obvious, neither the particular

motivation nor the avowed purpose of the patentee controls. What matters is the objective reach

of the claim." *Id*. at 419. "Under the correct analysis, any need or problem known in the field of

endeavor at the time of invention and addressed by the patent can provide a reason for combining

the elements in the manner claimed." *Id*. at 420. In particular, in KSR, the Supreme Court

emphasized the principle that "[t]he combination of familiar elements according to known

methods is likely to be obvious when it does no more than yield predictable results."  *Id*. at 416.

A key inquiry is whether the "improvement is more than the predictable use of prior art elements

according to their established functions." *Id*. at 417.

  *KSR*'s effect on mechanical patents, such as the mechanical patent at issue here, has been

significant.  *See Wyers v. Master Lock Co*., 616 F.3d 1231 (Fed. Cir. 2010), cert. denied, (Federal

Circuit found that even in the absence of expert testimony, judges can make a common sense

determination in mechanical cases to combine the prior art to find patent claims obvious and thus

invalid); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.,* 485 F.3d 1157, 1158 (Fed. Cir. 2007)

("accommodating a prior art mechanical device to modern electronics would have been reasonably

obvious to one of ordinary skill in children's learning devices."); *In re Icon Health and Fitness, Inc.,*

496 F.3d 1374, 1377 (Fed. Cir. 2007) (mechanical case with Federal Circuit upholding Board of

Patent Appeals' obviousness finding that a treadmill advertisement and U.S. Patent No. 4,370,766 by

Teague ("the '766 patent"), which disclosed a folding bed using a gas spring, rendered the patent

obvious); *Agrizap, Inc. v. Woodstream Corp.,* 530 F.3d 1337, 1344 (Fed. Cir. 2008) (reversing jury

determination of non-obviousness in relation to a mechanical rat trap device).

    More recently, in 2011, the Federal Circuit further expanded upon KSR's application to

relatively simple mechanical devices, such as the apparatus at issue here.  In *Tokai Corp. v.*

*Easton Enterprises, Inc.*, 632 F.3d 1358 (Fed. Cir. 2011), the Federal Circuit affirmed summary

judgment of obviousness entered by the District Court in relation a mechanical patent.  In

arriving at its conclusion that Tokai's asserted claims were obvious, the appellate panel looked at

the fact that the components of the claim are "simple mechanical parts that are well known in the

art;" that "a need for safety utility lighters was recognized in the art;" that similar safety switches

were already available for cigarette lighters (an admitted analogous art); and that the art is

"predictable."  As in *KSR*, the appellate court here held that the "identified, predictable solution"

to the "known problems" were within the grasp of a skilled artisan.

    Moreover, in view of the Supreme Court's KSR decision, the PTO issued a set of new

Examination Guidelines.  *See* Examination Guidelines for Determining Obviousness Under 35

U.S.C. §103 in view of the Supreme Court Decision in KSR International Co. v. Teleflex, Inc.,

72 Fed. Reg. 57526 (October 10, 2007). These Guidelines summarized the KSR decision, and

identified various rationales for finding a claim obvious, including those based on other

precedents. Those rationales include:

    (A)    Combining prior art elements according to known methods to yield predictable

            results;

    (B)    Simple substitution of one known element for another to obtain predictable results;

    (C)    Use of known technique to improve similar devices (methods, or products) in the

            same way;

    (D)    Applying a known technique to a known device (method, or product)ready for

7

1230194.11230194.4

1                      improvement to yield predictable results;

2

3       (E)    "Obvious to try" – choosing from a finite number of identified, predictable solutions, with a reasonable expectation of success;

4

5       (F)    Known work in one field of endeavor may prompt variations of it for use in either the same field or a different one based on design incentives or other market forces if the variations would have been predictable to one of ordinary skill in the art;

6

7       (G)    Some teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill to modify the prior art reference or to combine prior art reference teachings to arrive at the claimed invention.

10   *Id*. at 57529.

11       The Defendants contend that one or more of these rationales apply in considering the

12  obviousness of the claims of the '949 patent.  A person of ordinary skill at the time of the

13  invention had reason to combine or modify one or more of the references listed and charted in

14  **Exhibit A** in light of the knowledge of a person of ordinary skill in the art at the time of the

15  invention and information in the prior art cited herein.  A patent claim may be obvious if the

16  combination of elements was obvious to try or there existed at the time of the invention a known

17  problem for which there was an obvious solution encompassed by the patent's claims. In

18  addition, when a work is available in one field of endeavor, design incentives and other market

19  forces can prompt variations of it, either in the same field or a different one. If a person of

20  ordinary skill can implement a predictable variation, Section 103 bars its patentability.

21       Because the '949 Patent simply arranges old elements with each performing the same

22  function it had been known to perform and yields no more than what one would expect from such

23  an arrangement, the combination of these old elements is obvious. (KSR Int'l Co. v. Teleflex

24  Inc., 127 S. Ct. 1727, 1742 (2007)). Further, in the prior art, there were well recognized design

25  needs and market pressures to develop pitting machines that more efficiently separate fruit from

26  pits. (See, e.g., British Patent No. 1,072,178, published in 1967 (30 years prior), the Sunsweet

27  Patent). Such design needs and market pressures provide ample reason to combine prior art

28

elements in the manner recited in the claims. (KSR, 127 S. Ct. at 1742). Moreover, since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. *Id.* Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution. (Note that most of the most of the prior art was not before or considered by the Examiner). The above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.

Accordingly, common sense and the teachings of the prior art render the claims invalid under either Section 102 or Section 103.

Moreover, a person of ordinary skill would have been motivated to combine the above prior art based on the nature of the problem to be solved, the teachings of the prior art, and the knowledge of persons of ordinary skill in the art. The identified prior art addresses the same or similar technical issues and suggest the same or similar solutions to those issues. Moreover, some of the prior art refers to or discusses other prior art, illustrating the close technical relationship among the prior art.

To the extent that Plaintiff challenges a combination of prior art with respect to a particular element, Defendant reserves the right to seek leave to supplement these contentions to further specify the motivation to combine the prior art. Defendants may rely on cited or uncited portions of the prior art, other documents, and fact and expert testimony to establish that a person of ordinary skill in the art would have been motivated to modify or combine the prior art so as to render the claims invalid as obvious.

Below are several examples of prior art combinations with respect to particular limitations. These prior art combinations are not exhaustive; rather, they are illustrative examples of the prior art combinations disclosed generally above. These exemplary combinations are alternatives to Defendants' anticipation and single reference obviousness contentions, and thus, they should not be interpreted as indicating that any of the individual references included in the exemplary combinations are not alone invalidating prior art under 35 U.S.C. §§ 102 and/or 103

The '949 patent discloses prior art that includes a substantially identical pitting operation as that in Claims 5 and 12 (See Figures 1 - 9), wherein holders are translated along a looped conveyor, and the gripping force exerted on the fruit in the holders can be varied via camming surfaces.  The design and function of the holders, rubber cup, and cam operated gripping members supporting Claim 5 and 12 are virtually identical to the same structures disclosed in U.S. Patent 3,556, 281 issued to Magaroli in 1971.  Indeed, the '949 Patent admits that the principal difference between the pitting apparatus shown in the prior art, and that claimed in the '949 patent is the additional of a wiper assembly in the '949 patent.  (col. 11, lines 55 - 60) Importantly, however, the wiper assembly is not an element of Claims 5 and 12, and thus the translating pitting apparatus in Claims 5 and 12 is substantially identical to the well known prior art.

The '949 patent further discloses that it was well known in the art that intermittent conveyor systems were available means of conducting automated pitting operations.  (see col. 8, lines 58 – 63). stating, "Some conventional variations on the above described pitting apparatus employ an intermittent fruit holder conveyor drive mechanism.  In such variations, the fruit holders are translated into position for pitting, then remain stationary during pitting, and are then translated away from the pitting position."  (*See* U.S. Patent No. 3,618,648 issued to Becq in 1971).

According to the '949 patent, Claims 5 and 12 merely combine the well known intermittent drive mechanism with the well known pitting apparatus described in the prior art at Figures 1 – 9, and that the cams which vary the gripping force are merely replaced with cam assemblies that vary the gripping force during and after the pitting operation.  However, in view of the admitted prior art before the examiner, Claims 5 and 12 are rendered obvious in view of the Sunsweet Patent.  The Sunsweet Patent discloses a prune pitting apparatus which specifically identifies the advantages of varying the gripping force used to hold the prune during and after the pitting operation.  In particular, the British Sunsweet patent states that during pitting:

As the tip 120a of pitting plunger 120 enters the prune it centres the pit by virtue

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

of its conical shaped surface.  Simultaneously, gripping fingers 131 are partially retracted, thereby allowing the prune to expand.  It is to be understood, of course that the resistance of the pit to be extracted from the flesh will cause an expansion of the prune, and in order to prevent unnecessary tearing of the prune flesh it must be allowed to expand. . . . After the prune has been pitted, the pitting plunger is retracted, but not until the bucket has been pivoted outwards slightly so as to contact the prune with its bottom finger 118, as shown in Fig. 22.  At this time, the gripping fingers 131 have been moved to fully retracted positions.  (Page 6, Col. 37-57.)

In view of the Sunsweet Patent, asserted Claims 5 and 12 are classic instances of merely combining prior art elements according to known methods to yield predictable results in the simple mechanical arts.  Accordingly, Claims 5 and 12 would have been obvious to a person having ordinary skill in the art, and are therefore invalid.

As with the aforementioned combination of well known methods and apparatus, there are numerous other combinations of numerous pieces of prior art (including prior art that disclosed intermittent pitting machines, variable grip holders for the articles being pitted, and which vary the gripping force in relation to the pitting operation itself) which render the Asserted Claims 5 an 12 obvious.  Examples of these additional prior art combinations include:

(1)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 3,556,281, in combination.   The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

11

(2)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 4,122,765, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(3)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 2,413,861, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No.664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No.2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(4)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

664,500 and 2,265,515, in combination.   The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.   Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(5)      The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No.664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(6)      The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(7)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.   Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(8)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.   Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(9)      The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500  and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(10)      The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 3,199,558, in combination.   The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting. In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art. Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(11)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

664,500 and 4,306,649, in combination. The Sunsweet Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting. Pat No.664,500 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting. In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art. Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(12)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

664,500 and 2,688,352, in combination. The Sunsweet Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting. Pat No.664,500 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(13)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(14)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 664,500 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

      (15)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

664,500 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 664,500 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

      (16)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,558,205 and 3,556,281, in combination.   The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.   Pat No. 2,558,205 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(17)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(18)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(19)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,558,205 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(20)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,558,205 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

1  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

2  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

3  the art would have been familiar with all the claim elements that the patentee used to distinguish

4  some of the prior art during prosecution.

5          (21)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

6  2,558,205 and 4,096,795, in combination.  The Sunsweet Patent discloses a pitting apparatus

7  employing means for applying a variable gripping force on the fruit during and after the pitting

8  operation to more efficiently conduct pitting.  Pat No.2,558,205 discloses an intermittent pitting

9  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

10  with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

11  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

12  are used for pitting.  In combination, the above identified prior art references merely use those

13  familiar elements for their primary or well known purposes in a manner well within the ordinary

14  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

15  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

16  the art would have been familiar with all the claim elements that the patentee used to distinguish

17  some of the prior art during prosecution.

18          (22)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

19  2,558,205 and 2,827,088, in combination.  The Sunsweet Patent discloses a pitting apparatus

20  employing means for applying a variable gripping force on the fruit during and after the pitting

21  operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting

22  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

23  with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for

24  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

25  are used for pitting.  In combination, the above identified prior art references merely use those

26  familiar elements for their primary or well known purposes in a manner well within the ordinary

27  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

28

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(23)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(24)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(25)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 3,199,558, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(26)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 4,306,649, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(27)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(28)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 1,071,333, in combination.   The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(29)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2558,205 and 4,308,292, in combination.   The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(30)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,558,205 and 548,940, in combination.   The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(31)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,318,349 and 3,556,281, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(32)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(33)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(34)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(35)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(36)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(37)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(38)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,318,349 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(39)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,318,349 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(40)      The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,318,349 and 3,199,558, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(41)      The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,318,349 and 4,306,649, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(42)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(43)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives

1230194.11230194.4

are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(44)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(45)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,318,349 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(46)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 3,556,281, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(47)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(48)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(49)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(50)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(51)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,13 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(52)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,360,103 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(53)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,360,103 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(54)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,360,103 and 1,802,973, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(55)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,360,103 and 3,199,558, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(56)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,360,103 and 4,306,649, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(57)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 2,360,103 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(58)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

       (59)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

       (60)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2,360,103 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(61)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 3,556,281, in combination. The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No.1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(62)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 4,122,765, in combination. The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(63)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No.1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(64)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(65)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,443,621 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(66)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,443,612 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting. In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art. Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(67) The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,443,621 and 2,827,088, in combination. The Sunsweet Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting. Pat No. 1,443,621 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting. In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art. Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(68) The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,443,621 and 435,629, in combination. The Sunsweet Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting. Pat No. 1,443,621 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(69)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(70)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 3,199,558, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those

1230194.4                                44

familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(71)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 4,306,649, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(72)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 2,688,352, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(73)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(74)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(75)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,443,621 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(76)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 3,556,281, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(77)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,088,582 and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(78)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 2,413,861,in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(79)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(80)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,305,071discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(81)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(82)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(83)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(84)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,088,582 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus
employing means for applying a variable gripping force on the fruit during and after the pitting
operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(85)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,088,582 and 3,199,558, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(86)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,088,582 and 4,306,649, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(87)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,088,582 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(88)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(89)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,088,582 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

1      (90)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2  3,088,582 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus

3  employing means for applying a variable gripping force on the fruit during and after the pitting

4  operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting

5  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

6  with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for

7  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

8  are used for pitting.  In combination, the above identified prior art references merely use those

9  familiar elements for their primary or well known purposes in a manner well within the ordinary

10  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

11  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

12  the art would have been familiar with all the claim elements that the patentee used to distinguish

13  some of the prior art during prosecution.

14      (91)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

15  3,291,172 and 3,556,281, in combination.  The Sunsweet  Patent discloses a pitting apparatus

16  employing means for applying a variable gripping force on the fruit during and after the pitting

17  operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

18  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

19  with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for

20  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

21  are used for pitting.  In combination, the above identified prior art references merely use those

22  familiar elements for their primary or well known purposes in a manner well within the ordinary

23  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

24  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

25  the art would have been familiar with all the claim elements that the patentee used to distinguish

26  some of the prior art during prosecution.

27      (92)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

28  3,291,172 and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus

1   employing means for applying a variable gripping force on the fruit during and after the pitting

2   operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

3   apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

4   with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for

5   translating the fruit through the apparatus to the pitting station where pitting plungers of knives

6   are used for pitting.  In combination, the above identified prior art references merely use those

7   familiar elements for their primary or well known purposes in a manner well within the ordinary

8   level of skill in the art.  Since there were a finite number of predictable solutions, a person of

9   ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

10  the art would have been familiar with all the claim elements that the patentee used to distinguish

11  some of the prior art during prosecution.

12          (93)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

13  3,291,172 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus

14  employing means for applying a variable gripping force on the fruit during and after the pitting

15  operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

16  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

17  with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for

18  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

19  are used for pitting.  In combination, the above identified prior art references merely use those

20  familiar elements for their primary or well known purposes in a manner well within the ordinary

21  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

22  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

23  the art would have been familiar with all the claim elements that the patentee used to distinguish

24  some of the prior art during prosecution.

25          (94)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

26  3,291,172 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus

27  employing means for applying a variable gripping force on the fruit during and after the pitting

28  operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish
some of the prior art during prosecution.

(95)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,291,172 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(96)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,291,172 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(97)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,291,172 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(98)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,291,172 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(99)     The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,291,172 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting. Pat No. 3,291,172 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(100)    The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,291,172 and 3,199,558, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting. Pat No. 3,291,172 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(101)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,291,172 and 4,306,649, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(102)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,291,172 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

some of the prior art during prosecution.

(103)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,291,172 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(104)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 3,291,172 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(105)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3,291,172 and 548,940, in combination.  The Sunsweet Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(106)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.
4,009,650 and 3,556,281, in combination.  The Sunsweet Patent discloses a pitting apparatus
employing means for applying a variable gripping force on the fruit during and after the pitting
operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting
apparatus, which a person of ordinary skill in the art would understand is adaptable to be used
with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for
translating the fruit through the apparatus to the pitting station where pitting plungers of knives
are used for pitting.  In combination, the above identified prior art references merely use those
familiar elements for their primary or well known purposes in a manner well within the ordinary
level of skill in the art.  Since there were a finite number of predictable solutions, a person of
ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in
the art would have been familiar with all the claim elements that the patentee used to distinguish
some of the prior art during prosecution.

(107)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.
4,009,650 and 4,122,765, in combination.  The Sunsweet Patent discloses a pitting apparatus
employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(108)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 4,009,650 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(109)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 4,009,650 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(110)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

4,009,650 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(111)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

4,009,650 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(112)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

4,009,650 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus
employing means for applying a variable gripping force on the fruit during and after the pitting
operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(113)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

4,009,650 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

1    level of skill in the art.  Since there were a finite number of predictable solutions, a person of

2    ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

3    the art would have been familiar with all the claim elements that the patentee used to distinguish

4    some of the prior art during prosecution.

5        (114)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

6    4,009,650 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus

7    employing means for applying a variable gripping force on the fruit during and after the pitting

8    operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

9    apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

10   with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for

11   translating the fruit through the apparatus to the pitting station where pitting plungers of knives

12   are used for pitting.  In combination, the above identified prior art references merely use those

13   familiar elements for their primary or well known purposes in a manner well within the ordinary

14   level of skill in the art.  Since there were a finite number of predictable solutions, a person of

15   ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

16   the art would have been familiar with all the claim elements that the patentee used to distinguish

17   some of the prior art during prosecution.

18       (115)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent

19   Nos. 4,009,650 and 3,199,558, in combination.  The Sunsweet  Patent discloses a pitting

20   apparatus employing means for applying a variable gripping force on the fruit during and after

21   the pitting operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an

22   intermittent pitting apparatus, which a person of ordinary skill in the art would understand is

23   adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,199,558

24   discloses means for translating the fruit through the apparatus to the pitting station where pitting

25   plungers of knives are used for pitting.  In combination, the above identified prior art references

26   merely use those familiar elements for their primary or well known purposes in a manner well

27   within the ordinary level of skill in the art.  Since there were a finite number of predictable

28   solutions, a person of ordinary skill in the art had good reason to pursue the known options.

Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(116)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 4,009,650 and 4,306,649, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(117)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 4,009,650 and 2,688,352, in combination.  The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No.4,009,650disclosesan intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

1  (118)  The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

2  4,009,650 and 1,071,333, in combination.  The Sunsweet Patent discloses a pitting apparatus

3  employing means for applying a variable gripping force on the fruit during and after the pitting

4  operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

5  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

6  with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for

7  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

8  are used for pitting.  In combination, the above identified prior art references merely use those

9  familiar elements for their primary or well known purposes in a manner well within the ordinary

10  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

11  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

12  the art would have been familiar with all the claim elements that the patentee used to distinguish

13  some of the prior art during prosecution.

14  (119)  The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

15  4,009,650 and 4,308,292, in combination.  The Sunsweet Patent discloses a pitting apparatus

16  employing means for applying a variable gripping force on the fruit during and after the pitting

17  operation to more efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting

18  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

19  with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for

20  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

21  are used for pitting.  In combination, the above identified prior art references merely use those

22  familiar elements for their primary or well known purposes in a manner well within the ordinary

23  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

24  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

25  the art would have been familiar with all the claim elements that the patentee used to distinguish

26  some of the prior art during prosecution.

27  (120)  The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

28  4,009,650 and 548,940, in combination.  The Sunsweet Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No. 4,009,650 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(121)   The '949 patent is obvious in view of Patent No. 3,556,281 (the "Margaroli Patent") and Patent No. 664,500, in combination. The Margaroli Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during the pitting operation to more efficiently conduct pitting. Pat No.664,500 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(122)   The '949 patent is obvious in view of the Margaroli Patent and Patent No. 2,558,205, in combination. The Margaroli Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during the pitting operation to more efficiently conduct pitting. Pat No. 2,558,205 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus. In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(123)   The '949 patent is obvious in view of the Margaroli Patent and Patent No.

3,318,349, in combination.  The Margaroli Patent discloses a pitting apparatus employing means

for applying a variable gripping force on the fruit during the pitting operation to more efficiently

conduct pitting.  Pat No. 3,318,349 discloses an intermittent pitting apparatus, which a person of

ordinary skill in the art would understand is adaptable to be used with a variable gripping force

pitting apparatus.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(124)   The '949 patent is obvious in view of the Margaroli Patent and Patent No.

2,360,103, in combination.  The Margaroli Patent discloses a pitting apparatus employing means

for applying a variable gripping force on the fruit during the pitting operation to more efficiently

conduct pitting.  Pat No. 2,360,103 discloses an intermittent pitting apparatus, which a person of

ordinary skill in the art would understand is adaptable to be used with a variable gripping force

pitting apparatus.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(125)   The '949 patent is obvious in view of the Margaroli Patent and Patent No.

1,443,624, in combination.  The Margaroli Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during the pitting operation to more efficiently conduct pitting.  Pat No. 1,443,621 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(126)   The '949 patent is obvious in view of the Margaroli Patent and Patent No. 3,088,582, in combination.  The Margaroli Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during the pitting operation to more efficiently conduct pitting.  Pat No. 3,088,582 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(127)   The '949 patent is obvious in view of the Margaroli Patent and Patent No. 3,291,172, in combination.  The Margaroli Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during the pitting operation to more efficiently conduct pitting.  Pat No. 3,291,172 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(128)   The '949 patent is obvious in view of the Margaroli Patent and Patent

No. 4,009,650, in combination.  The Margaroli Patent discloses a pitting apparatus employing

means for applying a variable gripping force on the fruit during the pitting operation to more

efficiently conduct pitting.  Pat No. 4,009,650 discloses an intermittent pitting apparatus, which a

person of ordinary skill in the art would understand is adaptable to be used with a variable

gripping force pitting apparatus.  In combination, the above identified prior art references merely

use those familiar elements for their primary or well known purposes in a manner well within the

ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a

person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person

skilled in the art would have been familiar with all the claim elements that the patentee used to

distinguish some of the prior art during prosecution.

(129)   The '949 patent is obvious in view of the Margaroli Patent and Patent

No. 1,071,333, in combination.  The Margaroli Patent discloses a pitting apparatus employing

means for applying a variable gripping force on the fruit during the pitting operation to more

efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a

person of ordinary skill in the art would understand is adaptable to be used with a variable

gripping force pitting apparatus.  In combination, the above identified prior art references merely

use those familiar elements for their primary or well known purposes in a manner well within the

ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a

person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person

skilled in the art would have been familiar with all the claim elements that the patentee used to

distinguish some of the prior art during prosecution.

(130)   The '949 patent is obvious in view of the Margaroli Patent and Patent

No. 5,577,439, in combination.  The Margaroli Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(131)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 3,556,281, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(132)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(133) The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 2,413,861, in combination. The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(134) The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 2,265,515, in combination. The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(135)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(136)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(137)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,071,333 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(138)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,071,333 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(139)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,071,333 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(140)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

1,071,333 and 3,199,558, in combination.  The Sunsweet  Patent discloses a pitting apparatus

employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(141)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 4,306,649, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(142)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 1,071,333 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary

1   level of skill in the art.  Since there were a finite number of predictable solutions, a person of

2   ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

3   the art would have been familiar with all the claim elements that the patentee used to distinguish

4   some of the prior art during prosecution.

5       (143)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

6   1,071,333 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus

7   employing means for applying a variable gripping force on the fruit during and after the pitting

8   operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

9   apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

10  with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for

11  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

12  are used for pitting.  In combination, the above identified prior art references merely use those

13  familiar elements for their primary or well known purposes in a manner well within the ordinary

14  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

15  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

16  the art would have been familiar with all the claim elements that the patentee used to distinguish

17  some of the prior art during prosecution.

18      (144)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

19  1,071,333 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus

20  employing means for applying a variable gripping force on the fruit during and after the pitting

21  operation to more efficiently conduct pitting.  Pat No. 1,071,333 discloses an intermittent pitting

22  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

23  with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for

24  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

25  are used for pitting.  In combination, the above identified prior art references merely use those

26  familiar elements for their primary or well known purposes in a manner well within the ordinary

27  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

28

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

(145)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 3,556,281, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,556,281 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(146)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 4,122,765, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,122,765 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

1   the art would have been familiar with all the claim elements that the patentee used to distinguish

2   some of the prior art during prosecution.

3        (147)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

4   5,577,439 and 2,413,861, in combination.  The Sunsweet  Patent discloses a pitting apparatus

5   employing means for applying a variable gripping force on the fruit during and after the pitting

6   operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting

7   apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

8   with a variable gripping force pitting apparatus; and Pat No. 2,413,861 discloses means for

9   translating the fruit through the apparatus to the pitting station where pitting plungers of knives

10  are used for pitting.  In combination, the above identified prior art references merely use those

11  familiar elements for their primary or well known purposes in a manner well within the ordinary

12  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

13  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

14  the art would have been familiar with all the claim elements that the patentee used to distinguish

15  some of the prior art during prosecution.

16       (148)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

17  5,577,439 and 2,265,515, in combination.  The Sunsweet  Patent discloses a pitting apparatus

18  employing means for applying a variable gripping force on the fruit during and after the pitting

19  operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting

20  apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

21  with a variable gripping force pitting apparatus; and Pat No. 2,265,515 discloses means for

22  translating the fruit through the apparatus to the pitting station where pitting plungers of knives

23  are used for pitting.  In combination, the above identified prior art references merely use those

24  familiar elements for their primary or well known purposes in a manner well within the ordinary

25  level of skill in the art.  Since there were a finite number of predictable solutions, a person of

26  ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

27  the art would have been familiar with all the claim elements that the patentee used to distinguish

28  some of the prior art during prosecution.

80

1

2

(149)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

3   5,577,439 and 3,305,071, in combination.  The Sunsweet  Patent discloses a pitting apparatus

4   employing means for applying a variable gripping force on the fruit during and after the pitting

5   operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting

6   apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

7   with a variable gripping force pitting apparatus; and Pat No. 3,305,071 discloses means for

8   translating the fruit through the apparatus to the pitting station where pitting plungers of knives

9   are used for pitting.  In combination, the above identified prior art references merely use those

10   familiar elements for their primary or well known purposes in a manner well within the ordinary

11   level of skill in the art.  Since there were a finite number of predictable solutions, a person of

12   ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

13   the art would have been familiar with all the claim elements that the patentee used to distinguish
     some of the prior art during prosecution.

14

15   (150)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

16   5,577,439 and 4,096,795, in combination.  The Sunsweet  Patent discloses a pitting apparatus

17   employing means for applying a variable gripping force on the fruit during and after the pitting

18   operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting

19   apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

20   with a variable gripping force pitting apparatus; and Pat No. 4,096,795 discloses means for

21   translating the fruit through the apparatus to the pitting station where pitting plungers of knives

22   are used for pitting.  In combination, the above identified prior art references merely use those

23   familiar elements for their primary or well known purposes in a manner well within the ordinary

24   level of skill in the art.  Since there were a finite number of predictable solutions, a person of

25   ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

26   the art would have been familiar with all the claim elements that the patentee used to distinguish
     some of the prior art during prosecution.

27   (151)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos.

28

5,577,439 and 2,827,088, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,827,088 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(152)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 435,629, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 435,629 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(153)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 1,802,973, in combination.  The Sunsweet  Patent discloses a pitting apparatus

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,802,973 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(154)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 3,199,558, in combination. The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting. Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 3,199,558 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting. In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art. Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(155)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 4,306,649, in combination. The Sunsweet Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting

operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,306,649 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(156)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 2,688,352, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 2,688,352 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(157)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 1,071,333, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting

apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 1,071,333 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(158)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 4,308,292, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used with a variable gripping force pitting apparatus; and Pat No. 4,308,292 discloses means for translating the fruit through the apparatus to the pitting station where pitting plungers of knives are used for pitting.  In combination, the above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish some of the prior art during prosecution.

(159)   The '949 patent is obvious in view of the Sunsweet Patent, and Patent Nos. 5,577,439 and 548,940, in combination.  The Sunsweet  Patent discloses a pitting apparatus employing means for applying a variable gripping force on the fruit during and after the pitting operation to more efficiently conduct pitting.  Pat No. 5,577,439 discloses an intermittent pitting apparatus, which a person of ordinary skill in the art would understand is adaptable to be used

with a variable gripping force pitting apparatus; and Pat No. 548,940 discloses means for

translating the fruit through the apparatus to the pitting station where pitting plungers of knives

are used for pitting.  In combination, the above identified prior art references merely use those

familiar elements for their primary or well known purposes in a manner well within the ordinary

level of skill in the art.  Since there were a finite number of predictable solutions, a person of

ordinary skill in the art had good reason to pursue the known options.  Indeed, a person skilled in

the art would have been familiar with all the claim elements that the patentee used to distinguish

some of the prior art during prosecution.

**C.      Patent L.R. 3-3(c):  Identification of Claim Limitations in Prior Art**

   Pursuant to Patent L.R. 3-3(c), Defendants provide the charts attached collectively hereto

as **Exhibit A** identifying where specifically in each item of prior art each limitation of each

asserted claim is found, etc.  The attached **Exhibit A** charts are incorporated by reference as

though fully set forth herein.  Defendants will update the charts identify the Court's construction

of the term "active assembly" by identifying corresponding structure and function in the prior art

within 30 days of the Court's grant of leave to amend its Invalidity Contentions.  Additionally,

Defendants reserve the right to identify additional prior art containing corresponding structure

and function with regard to the Court's construction of "active assembly" within the same time

period.

**D.      Patent L.R. 3-3(d):  Other Grounds of Invalidity, etc.**

   Pursuant to Patent L.R. 3-3(d), Defendants contend that the Asserted Claims of the '949

patent are invalid under 35 U.S.C. § 112 because: (1) the claims are indefinite; (2) the claims are

not enabled; (3) and the claims lack adequate written description.  Defendants also contend that

the claims as construed are unpatentable under §101.  The Defendants' contentions that the

following claims are invalid under 35 U.S.C. §101 and 112 are made in the alternative, and do

not constitute, and should not be interpreted as, admissions regarding the construction or scope of

the claims of the '949 patent, or that any of the claims of the '949 patent are not anticipated or

rendered obvious by any prior art.

1    **1.    35 U.S.C. § 112, PARAGRAPH 2 – INDEFINITENESS**

2         Under 35 U.S.C. § 112 ¶ 2, "[t]he specification shall conclude with one or more claims

3    particularly pointing out and distinctly claiming the subject matter which the applicant regards as

4    his invention." 35 U.S.C. § 112 ¶ 2. If a claim fails to satisfy the definiteness requirement, it is

5    invalid. *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1371 (Fed. Cir. 2004).

6    "In ruling on a claim of patent indefiniteness, a court must determine whether those skilled in the

7    art would understand what is claimed when the claim is read in light of the specification." *Id.;*

8    *Exxon Research and Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). "A claim

9    is indefinite if its legal scope is not clear enough that a person of ordinary skill in the art could

10   determine whether a particular composition infringes or not." *Geneva Pharm., Inc. v.*

11   *GlaxoSmithKline PLC*, 349 F.3d 1373, 1384 (Fed. Cir. 2003); *accord Exxon Research*, 265 F.3d

12   at 1375.

13        **a.    Claim Terms "pitting operation" and "after the pitting operation"**

14        Here, each of the Asserted Claims of the '949 Patent (Claims 5 and 12), include the claim

15   terms "pitting operation" and "after the pitting operation."  Each of the Asserted Claims also

16   contain temporal (time based) limitations which state that certain structures or "holders" move

17   from a closed configuration to an open configuration "*after* the pitting operation" (see Claim 5,

18   last element), or that said "holders" vary the gripping force on the fruit "*during* and *after* the

19   pitting operation." (see Claim 12, last element).  Accordingly, for those skilled in the art to

20   understand the asserted claims, and to understand whether an accused apparatus infringes, a clear

21   and distinct understanding of the "pitting operation" and most importantly appraisal of the instant

22   in time when the "pitting operations" ends (i.e., so as to have an understanding of what "after the

23   pitting operation" means) is absolutely required.

24        Here, the Figures for the '949 patent and discussion of the Figures in the specification

25   discuss the temporal aspects of the pitting operation.  Figure 23 provides the following:

26

27

28



The specification then states the following with respect to Figure 23:

> FIG. 23 is a graph representing the vertical position of the tip of one of the pitting knives 102 of the FIG. 17 assembly, as a function of time. FIG. 23 shows that the vertical position of the knife tip is cyclical, **with pitting occurring at times t1 and t2.** As is apparent from inspection of FIG. 23, the knife tip moves (vertically) very rapidly downward toward its **lowest position (at each of pitting times t1 and t2),** and very rapidly upward from its lowest position. (emphasis added)

In addition, in its discussion of a conventional pitting apparatus (which necessarily includes a pitting operation), the specification of the '949 patent states, "there is substantial friction between the pitting knife, fruit holder, and the fruit flesh both during the downward (pitting) stroke of each knife and the upward (retracting) knife stroke which follows the pitting stroke." (col. 9, lines 1 – 4) (emphasis added). Elsewhere, the specification states, "After the pitting operation, as knives 102 move upward and to the right (when viewed as in Fig. 6) relative to fixedly mounted grill 34, the grill strips the pitted fruit from the knives." (col. 5, lines 65-67). Elsewhere, the specification states, "Just after the knives 102 have pitted the fruit articles in a pair of adjacent holders 36 and at an instant when the knives 102 begin to move upward (away from the pitting rubbers 70) . . . ." (col. 6, lines 54 – 59). Still, in other portions of the specification, Figures 5 and 10(a) show that the knives in both the prior art and the claimed

1  invention travel well past the surface of the fruit at the end of the downward stroke, and protrude

2
3  out beyond the plane formed by the bottom of the rubber fruit cup/holder.  The specification

   describes Figure 5 as follows:
4
5       Next, with reference to FIGS. 5, 6, and 9, *we describe the pitting operation in*
        *more detail* (in an implementation in which motor 24 continuously translates
6       holders 36 around the loop defined by sprocket assemblies 32 and 34).  FIG. 5
        shows a holder 36 and one row of four knives 102 in their lowest position
7       (extending all the way through pitting rubbers 70 of the four pockets defined by
        the holder), in the position the knives would occupy immediately after pushing
8       pits downward (through rubbers 70) from within four articles of fruit seated in the
        pockets.  (emphasis added).
9
10      Although certainly no model of clarity, as Defendants read and interpret Plaintiff's

11  Infringement Contentions, Plaintiff appears to contend (notwithstanding the above quoted

12  language and Figures from the '949 patent specification) that the "pitting operation," as that term

13  is recited in the Asserted Claims 5 and 12, ends some unspecified time before the knives reach

14  their lowest position, and before they push the pits downward through the rubbers.  (*See*

15  Plaintiff's Infringement Contentions).  Thus, Plaintiff appears to contend that the knives are still

16  moving downward some unspecified period of time "after the pitting operation."

17      To Court's construction of the term pitting operation and the related temporal limitations

18  result in invalidity because they result in claim terms that are indefinite because they do not

19  provide clear and distinct disclosure as to when the pitting operation ends.

20  ~~As set forth above, the Court has not yet issued a claim construction ruling.  However,~~

21  ~~assuming only for the sake of argument, and not by way of admission, that the Court construes~~

22  ~~the claims such that the~~To the extent that the Court's construction of the term "pitting operation"

23  is to be interpreted to mean that the pitting operation ends sometime while the knives are still

24  traveling in a downward direction, during their downstroke, such that the pitting operation ends

25  before the knives reach their "lowest position," then the claim term "pitting operation" and the

26  term "after the pitting operation" are indefinite and fail to comply with 35 U.S.C. § 112 ¶ 2,

27  because the legal scope of Claims 5 and 12 of the '949 patent is entirely unclear and cannot be

28  determined.

1

    b.  **Claim Term "active assembly" is Indefinite**

2

    The claim term "active assembly" is used in both of the asserted claims 5 and 12.  This

3

term has no antecedent basis in the disclosure—it does not appear anywhere in the patent

4

specification.  Given the vagueness of the term "active assembly" which has no particular defined

5

or understood meaning to those skilled in the art, it is indefinite and its use in both Claims 5 and

6

12 renders these claims indefinite.  Moreover, to the extent that the term "active assembly" is

7

intended to include a combination of structural elements, such elements are

8

undefined,Additionally, in light of the Court's construction of "pitting" related terms, those terms

9

are indefinite and fail to comply with 35 U.S.C. § 112 ¶ 2, because the legal scope of'949

10

patent's specification does not recite any type of sensor or sensing means within the fruit pitting

11

apparatus to signal when the pitting operation has ended, especially because claims 5 and 12 of

12

the '949 patent are entirely unclear and cannot be determinedare apparatus claims that should be

13

defining what the claimed apparatus is.

14

    cb.  **Mixed Claim IndefinitenessActive Assembly**

15

    In light of the Court's construction of the term "active assembly," that term is indefinite

16

and fails to comply with 35. U.S.C. § 112 ¶2, because the '949 patent's specification provides

17

insufficient detail regarding the corresponding structure regarding control signals which can be

18

generated "in any of a number of well known ways by a conventional timing system."  *See See*

19

*Biomedino, LLC v. Waters Technologies Corp.*, 490 F.3d 946 (Fed. Cir. 2007); *Ergo Licensing,*

20

*LLC v. CareFusion 303, Inc.*, 673 F.3d 1361 (Fed. Cir. 2012); 35 U.S.C. § 112(6); *AllVoice*

21

*Computing PLC v. Nuance Commc'ns., Inc.* 504 F.3d 1226 (Fed. Cir. 2007). Further, to the

22

extent that the Plaintiff contends that the corresponding structure of the active assembly includes

23

structure found in the accused infringing device, then the construction of the active assembly is

24

indefinite.

25

    In addition, claims 5 and 12 of the '949 Patent are invalid for indefiniteness under 35

26

U.S.C. § 101, and 112 ¶ 2, because they recite both an apparatus and a method of using that

27

apparatus in view of the indefinite temporal limitations wherein the claims describe certain

28

DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

functions working in sequence with other functions, as would be the case with claims to a

method or process. Such mixed claims are invalid under 35 U.S.C. § 101, and 112 ¶ 2. *IPXL*

*Holdings v. Amazon.com, Inc.,* 430 F.3d 1377, 1384-85 (Fed. Cir. 2005); *see also Amgen, Inc. v.*

*Chugai Pharm. Co.,* 927 F.2d 1200, 1217 (Fed. Cir. 1991) (A claim is considered indefinite if it

does not reasonably apprise those skilled in the art of its scope). "The Board of Patent Appeals

and Interferences ('Board') of the PTO . . . has made it clear that reciting both an apparatus and a

method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex*

*parte Lyell,* 17 USPQ 2d 1548 (1990). . . . This rule is well recognized and has been incorporated

into the PTO's Manual of Patent Examination Procedure. § 2173.05(p)(II)(1999) ('A single claim

which claims both an apparatus and the method steps of using the apparatus is indefinite under

35 U.S.C. 112, second paragraph.'); *see also* Robert C. Faber, Landis on Mechanics of Patent

Claim Drafting § 60A (2001) ('Never mix claim types to different classes of invention in a single

claim.').

By way of example and not by way of limitation, assuming arguendo the claims were

otherwise valid (they are not), it is unclear whether Plaintiff contends infringement of claim 12,

for example, occurs when one makes, sells, offers to sell, or imports an apparatus that among

other things, is *capable* of varying the gripping force after the pitting operation, or whether

infringement only occurs when one *actually uses* the apparatus so as to, among other things,

"vary the gripping force exerted by the pockets on specimens of fruit held in said holders during

and after the pitting operation." Because claims 5 and 12 recite both an apparatus and sequential

steps in a process as with typical method claims, they do not apprise a person of ordinary skill in

the art of their scope, and are invalid.

### 2.   35 U.S.C. § 112, PARAGRAPH 1—WRITTEN DESCRIPTION

As set forth above, the Court has not yet issued a claim construction ruling. However,

assuming only for the sake of argument, and not by way of admission, that the Court construes

the claims such To the extent the Plaintiff contends that the Court's construction of the term

pitting operation and the related temporal limitation including during the pitting operation and

---
DEFENDANTS' FIRST AMENDED INVALIDITY CONTENTIONS

after the pitting operation mean that the "pitting operation" ends sometime while the knives are

still traveling in a downward direction, during their downstroke, such that the pitting operation

ends before the knives reach their "lowest position," the Asserted Claims 5 and 12 of the '949

Patent are invalid for failure to comply with the written description requirement under 35 U.S.C.

§ 112 ¶ 1.

Defendants' grounds for this contention include, without limitation, that the specification

of the '949 Patent does not contain any description of any embodiment wherein the "pitting

operation" ends sometime while the knives are still traveling in a downward direction, during

their downstroke, such that the pitting operation ends before the knives reach their "lowest

position" or even before the knives push the pit through the rubber." As a result, Plaintiff did not

have, and did not disclose or possess, at the time the application for the '949 patent was filed, an

invention wherein the "pitting operation" is completed before the knife reaches its lowest

position.

In addition, the specification does not contain an adequate, or any, written description of

the "active assembly" limitation recited in each of the Asserted Claims 5 and 12. That term does

not appear anywhere in the specification.

In light of the Court's construction of "pitting" related terms, '949 patent fails to comply

with the written description requirement because the '949 patent's specification does not recite or

disclose any type of sensor or sensing means within the fruit pitting apparatus to signal the

condition of the fruit and when the pitting operation has ended. Thus, the construction of the

temporal limitations of the pitting operation as correlative to the condition of the fruit violates the

written description because the patent specification does not contain such a disclosure, or that the

Plaintiff was ever in possession of such an apparatus in which the pockets of the holders are

closed and opened depending upon the condition of the fruit therein.

### 3.      35 U.S.C. § 112, PARAGRAPH 1—ENABLEMENT

The '949 Patent does not disclose any step, method, device, or feature for generating or

supplying unspecified "control signals" used in some unspecified way to actuate pneumatically

driven mechanical linear actuators.  To the extent that Plaintiff contends that the use of controlled

actuators to cause the fruit holders to open and close at certain times relative to the "pitting

operation" would not have been obvious to a person having ordinary skill in the art, then the

patent fails the enablement requirement, because it fails to disclose the means, apparatus, or

structure necessary to practice that the patented invention.  Instead, the specification merely states

that the control signals "can be generated in any number of well known ways."  Accordingly, the

patent is either obvious in that it employs admittedly "well known" and obvious techniques to

vary the gripping force of the holders; or assuming only for the sake of argument that the Court

rules that Claims 5 and 12 are not obvious to one having ordinary skill in the art, then claims 5

and 12, and the specification fail the enablement requirement under 35 U.S.C. § 112, first

paragraph.

    As set forth above, the Court has not yet issued a in light of the Court's recent claim

construction ruling.  However, assuming only for the sake of argument, and not by way of

admission, that the Court construes the claims such that the "pitting operation" ends sometime

before the knife fully ejects the pit from the rubber holder, the, Asserted Claims 5 and 12 of the

'949 Patent are not enabled because they fail to recite an essential step or feature of the

apparatus/method namely a type of sensor or sensing means within the fruit pitting apparatus to

signal when the pitting operation has ended.  A claim which omits matter disclosed to be

essential to the invention as described in the specification or in other statements of record

violates 35 U.S.C. 112, first paragraph, as not enabling. *In re Mayhew,* 527 F.2d 1229, 188

USPQ 356 (CCPA 1976).  Here, ejecting the pit from the rubber is an essential step of the

claimed invention.  The claims also omit the structure or steps necessary to provide control

signals to the "active assembly."  According to the specification, these signals are essential the

invention as described, and this also fails the enablement requirement.  *Id.*

### 4.    35 U.S.C. § 101 UTILITY

    A claim is inoperable, and therefore fails the utility requirement and enablement

requirement, when it contains a limitation that is impossible to meet.  *Process Control Corp. v.*

1   *HydReclaim Corp.*, 190 F.3d 1350, 1359 (Fed. Cir. 1999).

2

3   ~~As set forth above, the Court has not yet issued a~~In light of the Court's recent claim

construction ~~ruling.  However, assuming only for the sake of argument, and not by way of~~

4   ~~admission, that the Court construes the claims such that the "pitting operation" ends sometime~~

5   ~~before the knife fully ejects the pit from the rubber holder~~, the Asserted Claims 5 and 12 of the

6   '949 Patent are inoperable because ~~such~~the patent and the claim as construed apparently discloses

7   a pitting operation ~~would yield a result~~in which the pit of the subject ~~prune or other~~fruit does

8   not leave the holder, and thus the holder, driven on a looped conveyor assembly, would not be

9   capable of receiving another piece of fruit, thus defeating the entire purpose of the automated

10  pitting apparatus, and rendering it inoperable and not in compliance with 35 U.S.C. § 101.

11  **II. DOCUMENT PRODUCTION (PATENT L.R. 3-4)**

12  ~~A.      Patent L.R. 3-4(a):  Documentation re Operation of Accused Instrumentality~~

13  ~~Pursuant to Patent L.R. 3-4(a), Defendants identify and produce concurrently herewith~~

14  ~~documents labeled DEF 01071-01098.  Defendants also identify Fadei Automatic Prune Pitter M-~~

15  ~~292 User's Guide previously produced as DEF 00015-00039, reproduced concurrently herewith~~

16  ~~under separate cover with a "CONFIDENTIAL" designation.~~

17  ~~B.      Patent L.R. 3-4(b):  Documents re Prior Art~~

18  ~~Pursuant to Patent L.R. 3-4(b), Defendants identify and produce concurrently herewith~~

19  ~~documents labeled DEF00484-01070.  Defendants also identify previously produced document~~

20  ~~Herbort Cherry and Plum Pitter Model 27A Operating Instructions and Spare Part List (DEF~~

21  ~~00040-00057).~~

22

23

24

25

26

27

28

1
2    DATED:  ~~July~~June 28, ~~2011~~2012          DOWNEY BRAND LLP

3
4                                      By:_____
                                              MICHAEL J. THOMAS
5                                         Attorneys for Defendant/Counterclaimant
                                          FADEI USA, INC., PAN AMERICAN
6                                         ENGINEERING and EQUIPMENT CO., INC.,
                                              MANUEL SILVA, and MARIANI
7                                              PACKING CO., INC.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Summary Report: Litéra® Change-Pro ML 6.5.0.396 Document Comparison done on 6/28/2012 1:39:20 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original Filename:** | |
| **Original DMS:** do://WEST/1230194/1 | |
| **Modified Filename:** | |
| **Modified DMS:** do://WEST/1230194/4 | |
| **Changes:** | |
| Add | 61 |
| Delete | 65 |
| Move From | 12 |
| Move To | 12 |
| Table Insert | 7 |
| Table Delete | 4 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| **Total Changes:** | 161 |