HANSON BRIDGETT LLP
Robert A. McFarlane, SBN 172650
rmcfarlane@hansonbridgett.com
Russell C. Petersen, SBN 264245
rpetersen@hansonbridgett.com
Christopher S. Walters SBN 267262
cwalters@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

REGARD IP LAW
Michael N. Berg, SBN159771
mberg@regardip.com
425 California Street, Suite 1700
San Francisco, CA 94104
Telephone:     (415) 398-9600
Facsimile:     (415) 236-6100

MICHAEL J. BROWN LAW OFFICE LLC
Michael J. Brown (*pro hac vice*)
michael@mjbrownlaw.com
570 W. Mt. Pleasant Avenue, Suite 101
Livingston, NJ 07039
Telephone:     (973) 577-6300
Facsimile:     (973) 577-6301

Attorneys for Plaintiff / Counterdefendant
VISTAN CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| VISTAN CORPORATION,<br>             Plaintiff,<br><br>     v.<br><br>FADEI USA, INC., PAN AMERICAN ENGINEERING and EQUIPMENT CO., INC., MANUEL SILVA, and MARIANI PACKING CO., INC.,<br><br>             Defendants.<br><br>FADEI USA, INC., PAN AMERICAN ENGINEERING and EQUIPMENT CO., INC., MANUEL SILVA, and MARIANI PACKING CO., INC.,<br>             Counterclaimants,<br>     v.<br>VISTAN CORPORATION,<br>             Counterdefendant. | CIVIL ACTION<br>NO. 10-4862 JCS<br><br>**DECLARATION OF ROBERT A. McFARLANE IN SUPPORT OF PLAINTIFF VISTAN CORPORATION'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**<br><br>Date:     September 28, 2012<br>Time:     9:30 a.m.<br>Dept:     Courtroom G, 15th Floor<br>Judge:    Hon. Joseph C. Spero |

I, Robert A. McFarlane, do declare and state as follows:

1. I am counsel of record for Vistan Corporation ("Vistan") in the above-captioned action and make this Declaration in support of Vistan's Motion for Continuance of Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d). This declaration describes the discovery that Vistan needs to fully oppose Defendants' motion for summary judgment and the efforts Vistan has undertaken to try to secure such discovery. I have personal knowledge of the facts stated in this declaration and, if called upon, could and would competently testify to them. All of the matters stated here are known to me personally, unless stated on information and belief; and with regard to those statements, I am informed and reasonably believe them to be true.

**Facts Relating to the "Active Assembly"**

2. Defendants' summary judgment motion claims that they are entitled to summary judgment of non-infringement because the Fadei prune pitting machines accused of infringement do not have an "active assembly" as that claim term is used in claims 5 and 12 of the '949 Patent and, more specifically, because the relevant part of the accused machines do not move "in response to control signals," that "there is no control 'signal' that can be adjusted to control when the pockets close in relation to when pitting occurs," and that the "Accused Pitters are distinct from the patented technology because they work without the need for control signals or timing systems." Defs' Motion, at pp. 15-16.

3. Vistan hopes to gain facts through additional discovery in this matter that would demonstrate the existence of control signals in the accused prune pitting machines and that would contradict the Defendants' statements that the machines do not have control signals as used in the patent pursuant to the Court's claim construction. Documents made available through discovery in this case demonstrate that these are additional facts likely to exist in documents not yet produced or through deposition testimony of pertinent witnesses.

4. First, I understand that materials reviewed by our expert witness, Professor Timothy Bowser, including website postings and video appearing to show Fadei prune pitting machines in operation show that the Fadei automated prune pitting machines include SEW

1 │ Eurodrives.  These materials are submitted herewith as exhibits to Professor Bowser's Professor

2 │ Bowser's declaration in support of Vistan's opposition to Defendants' summary judgment.  I am

3 │ informed and believe that as set forth in Professor Bowser's declaration at paragraphs 80 to 90

4 │ that these materials support the presence in the accused prune pitting machines of controllers that

5 │ generate control signals as that term is used in the patent.

6 │      5.    Second, certain documents produced by Defendants, including what appears to be

7 │ an invoice from Fadei USA, Inc. to Mariani Packing Company concerning the accused pitting

8 │ machines, refer to a SEW Eurodrive controller being delivered to Mariani.  *See* Exh. 9, attached

9 │ hereto.  Again, I am informed and believe that the presence of these controllers in the accused

10 │ prune pitting machines would provide support for the presence of control signals that would

11 │ contradict Defendants' assertion that the accused pitting machines do not have control signals as

12 │ used in the '949 Patent as is set forth by Professor Bowser.

13 │      6.    Third, Defendants have produced documents that I am informed and believe

14 │ suggest Mariani employee Ben Rutter worked on aspects of the accused machines that employ

15 │ control signals, including, potentially, the operation of the "active assembly."  *See* Exh. 10,

16 │ attached hereto.

17 │      7.    Vistan broadly requested that Defendants provide all documents relating to the

18 │ design, engineering, operation and function of the accused products, and Defendants committed to

19 │ producing such documents.  *See* Exhs. 5, 6, 7, and 8, attached hereto (Requests for Production

20 │ Nos. 23 and 25 to Fadei, 20 and 21 to Mariani, 23 and 25 to Pan American and 22 and 24 to

21 │ Silva).

22 │      8.    It does not appear that Defendants have provided complete discovery on the

23 │ functioning or use of the Eurodrives or use of control signals in the accused prune pitting

24 │ machines.  Defendants have not produced technical specifications, manuals, schematics or other

25 │ typical documents that would explain the function and use of the Eurodrives within the accused

26 │ machines, including the use of control signals they generate in operating the machines.

27 │      9.    Additionally, following the Court's Claim Construction Order that implicated the

28 │

1   use of control signals, Vistan wrote to Defendants on June 1, 2012 to specifically request evidence

2   pertaining to the design, engineering, operation, and function of the Fadei machines.  This request

3   notified Defendants that they had not produced evidence pertaining to control signals and

4   specifically requested production of such information in response to the outstanding document

5   requests.  *See* Exh. 19, attached hereto.

6          10.     Defendants responded on June 15 by simply stating that each defendant had

7   "performed diligent searches of the documents within their respective possession, custody, and

8   control and produced all documents that were responsive to Vistan's unobjectionable document

9   requests.  That said, Defendants recognize their ongoing discovery obligations to produce

10  documents and will produce any additional, responsive documents that they discovery during their

11  ongoing efforts."  *See* Exh. 22, attached hereto.

12         11.     Additionally, Defendants' June 15 letter stated that "Please note that Mariani

13  intends to make a further production of documents next week, including responsive documents

14  that may be responsive to the follow up requests stated in [the June 1 letter and additional

15  discovery letters from Vistan dated June 5 and 6]."  *Id.*

16         12.     We have not received any further production of documents from either Mariani or

17  the other Defendants since Defendants' June 15 letter.

18         13.     Because Defendants' document production appeared to be missing numerous

19  categories of documents, including those relating to the control signals as described above, Chris

20  Walters, at my direction, sent a letter to Defendants on July 16 asking that their counsel explain

21  the scope of their search for responsive documents.  *See* Exh. 23, attached hereto.  We did not

22  receive a response to this request from Defendants' counsel.

23         14.     There is reason to believe based on the above recitation that facts exist that would

24  support Vistan's infringement allegations, including facts supporting the presence within the

25  accused machine of control signals that would fall within the scope of the "active assembly" claim

26  limitation as it has been construed by the Court and that would contradict Defendants' contention

27  on this motion that there are no such control signals.  Vistan hopes to obtain these facts through

28

4692277.1

McFARLANE DECL ISO VISTAN'S MOTION FOR RELIEF PURSUANT TO FRCP 56(d)

1  document discovery, and then through depositions of defendants' employees such as Mr. Rutter

2  regarding the machines' use of control signals, the documents produced to date and further

3  documents that we have reason to believe will be produced.

4        15.    If the Court grants Vistan's Rule 56(d) motion, I believe it likely that we will be

5  able to provide further admissible evidence on behalf of Vistan concerning the accused machines'

6  use of control signals. Additionally, not only will further fact discovery likely produce admissible

7  evidence to oppose summary judgment, but it will also allow Vistan to provide its own experts

8  with sufficient materials to fully develop opinions on the issue of infringement. This evidence is

9  essential to Vistan's opposition to summary judgment because Defendants claim that the accused

10  machines' use of control signals is a dispositive issue.

11  **Expert Discovery and Testimony**

12        16.    Defendants largely base their motion for summary judgment on the declaration of

13  their retained expert, Richard Klopp. Defendants did not disclose the opinion on which they rely

14  for summary judgment until they served Klopp's declaration with their summary judgment motion.

15  Therefore, and because the parties have not yet exchanged expert reports pursuant to Rule 26 or

16  engaged in expert discovery, Vistan has not yet had the opportunity or reason to cross-examine Dr.

17  Klopp regarding the basis for his opinions. If afforded the opportunity to depose Dr. Klopp, I

18  expect that his deposition will provide admissible evidence for its use in opposing Defendants'

19  summary judgment motion.

20  **Facts Relating to Modifications to the Accused Pitters**

21        17.    Defendants' summary judgment motion addresses the Accused Pitters as if they

22  have been a single machine with uniform characteristics over time. And, as noted, Defendants

23  have argued that there is no infringement because the Accused Pitters, as a whole, do not employ

24  control signals or contain certain required parts of the active assembly as the Court has construed

25  that claim. Yet, Defendants have admitted that design elements of the Fadei pitting machines have

26  been altered over time. *See* Exhs. 15, 17, 22, and 24, attached hereto. Defendants' interrogatory

27  responses state that a machine Model M292, Serial No. 725, which I am informed and believe was

28

McFARLANE DECL ISO VISTAN'S MOTION FOR RELIEF PURSUANT TO FRCP 56(d)

1 | inspected by Vistan representatives in September 2010, differed from a machine Model No.

2 | M292, Serial No. 742, which I am informed and believe was inspected by Vistan representatives

3 | in June 2011. *See* Exh. 24, attached hereto; Brown Decl., ¶¶ 17, 18, 22, 23, 25.

4 |       18.    Additionally, Defendants have asserted a blanket privilege under which they claim

5 | that all attempts to modify the machines undertaken after the Early Neutral Evaluation in this case

6 | are privileged and not subject to discovery. *See* Exhs. 25 and 15, attached hereto. Thus, as set

7 | forth in the correspondence attached as exhibits hereto, Defendants have refused to supply

8 | evidence of modifications. Accordingly, Vistan has a good faith belief that Defendants possess

9 | documents or things that show that Fadei's machines have not been uniform over time. As a

10 | result, additional discovery will result in evidence of how Fadei's machines have differed over

11 | time, including evidence of alterations to portions of the machines that corresponds to the "active

12 | assembly" recited in claims 5 and 12 of the '949 Patent. This evidence is critical to Vistan's ability

13 | to introduce evidence of infringement, which is in turn essential to opposing Defendants' motion

14 | for summary judgment.

15 |       19.    Vistan has diligently sought from Defendants evidence of, among many other

16 | things, the research and development, design, configuration, testing and engineering of all

17 | versions of Fadei's prune pitting machines, as shown in the discovery requests and correspondence

18 | attached as exhibits hereto. But, there is reason to believe as set forth above that responsive

19 | documentation has not been provided. If necessary, Vistan will seek the Court's intervention in

20 | the parties' discovery disputes to secure Defendants' compliance. Until such time, Vistan lacks all

21 | of the above-described materials necessary to completely oppose summary judgment.

22 |       20.    For all of the reasons set forth above, additional fact and expert discovery will

23 | likely result in gathering materials that will allow Vistan to further demonstrate that Fadei's prune

24 | pitting machines in fact have an "active assembly" as defined by the Court because, *inter alia,*

25 | they may employ control signals as used in the claim.

26 |       21.    Attached hereto as Exhibit 1 is a true and correct copy of excerpts from Vistan's

27 | first set of requests for production of documents to Fadei USA, Inc.

28

McFARLANE DECL ISO VISTAN'S MOTION FOR RELIEF PURSUANT TO FRCP 56(d)

1      22.    Attached hereto as Exhibit 2 is a true and correct copy of excerpts from Vistan's

2  first set of requests for production of documents to Mariani Packing Co., Inc.

3      23.    Attached hereto as Exhibit 3 is a true and correct copy of excerpts from Vistan's

4  first set of requests for production of documents to Pan American Equipment and Engineering

5  Co., Inc.

6      24.    Attached hereto as Exhibit 4 is a true and correct copy of excerpts from Vistan's

7  first set of requests for production of documents to Manuel Silva.

8      25.    Attached hereto as Exhibit 5 is a true and correct copy of excerpts from Vistan's

9  second set of requests for production of documents to Fadei USA, Inc.

10      26.    Attached hereto as Exhibit 6 is a true and correct copy of excerpts from Vistan's

11  second set of requests for production of documents to Mariani Packing Co., Inc.

12      27.    Attached hereto as Exhibit 7 is a true and correct copy of excerpts from Vistan's

13  second set of requests for production of documents to Pan American Equipment and Engineering

14  Co., Inc.

15      28.    Attached hereto as Exhibit 8 is a true and correct copy of excerpts from Vistan's

16  second set of requests for production of documents to Manuel Silva.

17      29.    Attached hereto as Exhibit 9 is a true and correct copy of a document produced to

18  Vistan by Mariani Packing Co. that, to the best of my information and belief, relates to the

19  accused prune pitting machines.

20      30.    Attached hereto as Exhibit 10 is a true and correct copy of an email communication

21  produced to Vistan by Mariani Packing Co. that, to the best of my information and belief, relates

22  to the accused prune pitting machines.

23      31.    The parties scheduled a conference of counsel for February 29, 2012 at 2 p.m. at

24  the offices of Hanson Bridgett to discuss discovery issues.  Attached hereto as Exhibit 11 is a true

25  and correct copy of correspondence dated February 22, 2012, sent pursuant to my direction by my

26  colleague, Christopher Walters, to Defendants' attorneys of record that sets forth Vistan's concerns

27  with Defendants' discovery compliance that Vistan intended to discuss at the parties' meeting.

28

McFARLANE DECL ISO VISTAN'S MOTION FOR RELIEF PURSUANT TO FRCP 56(d)

1  Because Defendants' have taken the position that design changes to the Fadei machines that have

2  been made, attempted, or contemplated after the parties participated in an early neutral evaluation

3  session in July 2011 are completely shielded from disclosure, we have redacted certain portions of

4  this and other correspondence between the parties that refers to the ENE session and Defendants'

5  arguments about privileges purportedly created by that session.

6        32.     Attached hereto as Exhibit 12 is a true and correct copy of correspondence dated

7  February 24, 2012 from Defendants' attorneys to Mr. Walters in which Defendants state that they

8  are "indefinitely postponing" the parties' mutually agreed-upon conference of counsel.

9        33.     Attached hereto as Exhibit 13 is a true and correct copy of correspondence dated

10  February 27, 2012 from Mr. Walters, sent pursuant to my direction, to Defendants' attorneys.

11        34.     Attached hereto as Exhibit 14 is a true and correct copy of correspondence dated

12  February 28, 2012 from Defendants' attorneys to Mr. Walters in which Defendants state that the

13  parties' planned conference of counsel "was never Vistan's meeting" and that it was "improper and

14  not well taken" for Vistan to raise discovery issues at a meeting initially requested by Defendants.

15        35.     Attached hereto as Exhibit 15 is a true and correct copy of correspondence dated

16  March 2, 2012 from Defendants' attorneys to Mr. Walters (with redactions as explained in

17  paragraph 31).

18        36.     Attached hereto as Exhibit 16 is a true and correct copy of correspondence dated

19  March 16, 2012 from Mr. Walters, sent pursuant to my direction, to Defendants' attorneys (with

20  redactions as explained in paragraph 31).

21        37.     Attached hereto as Exhibit 17 is a true and correct copy of correspondence dated

22  March 30, 2012 from Defendants' counsel to Mr. Walters (with redactions as explained in

23  paragraph 31).

24        38.     Attached hereto as Exhibit 18 is a true and correct copy of correspondence dated

25  May 9, 2012 from Mr. Walters, sent pursuant to my direction, to Defendants' attorneys that

26  itemizes each category of documents Defendants had committed to produce, but have failed to

27  produce.

28

McFARLANE DECL ISO VISTAN'S MOTION FOR RELIEF PURSUANT TO FRCP 56(d)

39.     Attached hereto as Exhibit 19 is a true and correct copy of correspondence dated June 1, 2012 from myself to Defendants' attorneys requesting the production of documents related to control signals in the accused pitting machines.

40.     Attached hereto as Exhibit 20 is a true and correct copy of correspondence dated June 5, 2012 from myself to Defendants' attorneys related in part to Defendants' failure to produce any documents related to modifications to the accused pitting machines.

41.     Attached hereto as Exhibit 21 is a true and correct copy of correspondence dated June 6, 2012 from myself to Defendants' attorneys that itemizes each category of documents Defendants had failed to produce either wholly or partially (with redactions as explained in paragraph 31).

42.     Attached hereto as Exhibit 22 is a true and correct copy of correspondence dated June 15, 2012 from Defendants' attorneys to myself (with redactions as explained in paragraph 31).

43.     Attached hereto as Exhibit 23 is a true and correct copy of correspondence dated July 16, 2012 from Mr. Walters, sent pursuant to my direction, to Defendants' attorneys.

44.     Attached hereto as Exhibit 24 is a true and correct copy of excerpts from Fadei USA, Inc.'s responses to Vistan's first set of interrogatories.

45.     Attached hereto as Exhibit 25 is a true and correct copy of excerpts from Fadei USA, Inc.'s responses to Vistan's second set of requests for production of documents.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 24th day of August, 2012 at San Francisco, California.

_____
                    Robert A. McFarlane

McFARLANE DECL ISO VISTAN'S MOTION FOR RELIEF PURSUANT TO FRCP 56(d)