IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTAN CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FADEI, USA, INC.,<br><br>　　　　　Defendant. | Case No.: C-10-04862 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)** |

On August 24, 2012, Plaintiff Vistan Corp. filed a Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) ("Motion"). On September 7, 2012, a hearing was held. For reasons stated on the record, and good cause shown, Plaintiff's Motion is GRANTED.

Rule 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In the Ninth Circuit, to obtain a continuance under Rule 56(d), a party must establish: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). It is well within the Court's discretion to delay ruling on summary judgment if the party requesting delay has pursued discovery diligently, and the period for discovery remains open. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996). When a party moves for summary judgment before a meaningful opportunity for discovery, district courts may "fairly freely" grant a Rule 56(d) motion. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

Pursuant to its discretion under Rule 56(d), the Court hereby orders that

1. Plaintiff shall depose Defendant's witness Dr. Klopp by **October 1, 2012**.

2. Defendant shall produce, by **October 1, 2012**, documents related to all post-ENE modifications of pitting machines *except* those expressly discussed at the ENE.

3. Plaintiff shall review the newly produced documents.

4. The parties shall conclude all other discovery concerning Defendant's Motion for Summary Judgment by **October 30, 2012**. Although the Court has not yet set any discovery cutoff, the Court finds that this extension of time allows sufficient discovery for Defendant's Summary Judgment Motion.

5. Plaintiff's supplemental opposition, not to exceed 10 pages, shall be filed no later than **November 9, 2012**. Defendant's supplemental reply, not to exceed 5 pages, shall be filed no later than **November 16, 2012**. The hearing on Defendant's Motion for Summary Judgment is set for **December 14, 2012 at 9:30 a.m.**

1 The parties shall also negotiate a disclosure and trial schedule for the remainder of the
2 case to be filed by **September 14, 2012**.
3 IT IS SO ORDERED.

5 Dated: September 11, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge