| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | HANSON BRIDGETT LLP<br>Robert A. McFarlane, SBN 172650<br>rmcfarlane@hansonbridgett.com<br>Russell C. Petersen, SBN 264245<br>rpetersen@hansonbridgett.com<br>Christopher S. Walters SBN 267262<br>cwalters@hansonbridgett.com<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366 |
| 7<br>8<br>9<br>10 | REGARD IP LAW<br>Michael N. Berg, SBN159771<br>mberg@regardip.com<br>333 Bush Street, Suite 2250<br>San Francisco, CA 94104<br>Telephone: (415) 398-9600<br>Facsimile: (415) 236-6100 |
| 11<br>12<br>13<br>14 | MICHAEL J. BROWN LAW OFFICE LLC<br>Michael J. Brown (*pro hac vice*)<br>michael@mjbrownlaw.com<br>570 W. Mt. Pleasant Avenue, Suite 101<br>Livingston, NJ 07039<br>Telephone: (973) 577-6300<br>Facsimile: (973) 577-6301 |
| 15 | Attorneys for Plaintiff / Counterdefendant<br>VISTAN CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| VISTAN CORPORATION,<br>    Plaintiff,<br>v.<br>FADEI USA, INC., PAN AMERICAN ENGINEERING and EQUIPMENT CO., INC., MANUEL SILVA, and MARIANI PACKING CO., INC.,<br>    Defendants. | CIVIL ACTION<br>NO. 10-4862 JCS<br><br>**PUBLIC REDACTED VERSION**<br><br>**PLAINTIFF VISTAN CORPORATION'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| FADEI USA, INC., PAN AMERICAN ENGINEERING and EQUIPMENT CO., INC., MANUEL SILVA, and MARIANI PACKING CO., INC.,<br>    Counterclaimants,<br>v.<br>VISTAN CORPORATION,<br>    Counterdefendant. | Date: December 14, 2012<br>Time: 8:30 a.m.<br>Dept.: Courtroom G, 15th Floor<br>Judge: Hon. Joseph C. Spero |

10-4862 JCS

PLTF'S SUPP OPP TO DFTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. NEW EVIDENCE MANDATES DENIAL OF SUMMARY JUDGMENT REGARDING INVALIDITY | 1 |
| III. NEWLY DEVELOPED EVIDENCE REBUTS ALL OF DEFENDANTS' NON-INFRINGEMENT ARGUMENTS. | 3 |
|     A. Defendants' Expert, Fadei SA, and an Uninterested Third Party All Confirm The Presence of an Actuator In The Accused Pitters | 3 |
|     B. Defendants' Argument and Dr. Klopp's Opinion Are Based on a Manufactured Reading of Vistan's Amended Infringement Contentions | 4 |
|     C. Defendants' Theory that the Claim Construction Order Limits the Actuator to Pneumatics or a Solenoid Is Incorrect, But Even if it is Adopted, the Accused Device Contains the Structural Equivalent of the Claimed Element | 6 |
|         1. Dr. Klopp Previously Testified that Specification Does Not Limit the Actuator to Solenoids or Pneumatics; He Now Contradicts Himself | 6 |
|         2. Dr. Klopp Admitted the Equivalency of the Accused Pitters and Pneumatic or Solenoid Actuators | 7 |
|         3. Mr. Rutter Suggested to Fadei USA to Modify the Accused Pitter to Include a Solenoid to Actuate the Cam Tracks | 7 |
|     D. Defendants' Admit The Accused Actuator is "Almost" Linear | 8 |
|     E. Defendants' Arguments Regarding Control Signals Fail Because They Admit That the Servo Motors Receive Electrical Control Signals from the Servo Controllers | 9 |
| IV. DEFENDANTS ARE NOW SELLING A MODIFIED PITTING MACHINE THAT WAS NOT INCLUDED IN THE PENDING MOTION | 10 |
| V. CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page

**CASES**

Budde v. Harley-Davidson, Inc.
 250 F.3d 1369 (Fed. Cir. 2001) ........................................................................... 3

Interactive Pictures Corp. v. Infinite Pictures, Inc.
 274 F.3d 1311 (Fed.Cir. 2001) ........................................................................... 8

Odetics, Inc. v. Storage Tech. Corp.
 185 F.3d 1259 (Fed. Cir. 1999) .......................................................................... 4

Renesas Tech. Corp. v. Nanya Tech. Corp.
 2005 U.S. Dist. LEXIS 44138 (N.D. Cal. 2005) ................................................ 4

Sigler v. American Honda Motor Co.
 532 F.3d 469 (6th Cir. 2008) .............................................................................. 2

**STATUTES**

35 U.S.C. § 112(6) .......................................................................................................... 4

## I. INTRODUCTION

After the Court granted Vistan's requested relief pursuant to Rule 56(d), Defendants produced over 35,000 pages of documents -- roughly eight times their previous production -- and Vistan deposed Defendants' expert and three fact witnesses. Newly obtained discovery further establishes numerous contested issues of fact that preclude summary judgment. Significantly,

- Dr. Klopp's deposition testimony confirms that he lacks the experience in fruit processing and fruit pitting necessary to offer expert opinions regarding the "conventional timing system" and "pitting operation." This lack of competent testimony deprives Defendants of evidence, let alone "clear and convincing" evidence to invalidate the asserted claims.



## II. NEW EVIDENCE MANDATES DENIAL OF SUMMARY JUDGMENT REGARDING INVALIDITY

Defendants cannot prove by clear and convincing evidence that the specification's reference to a "conventional timing system" provides inadequate support for the claims or that "pitting operation" lacks support in the specification. Defendants' positions are contrary to the evidence and are based on the testimony of an unqualified expert.



1. [redacted]
2. [redacted]
3. [redacted]
4. [redacted]
5. [redacted]
6. [redacted]

Because Dr. Klopp has no experience in designing fruit pitting or fruit processing machinery, he is unqualified to testify as to how one of ordinary skill would understand the '949 patent and, specifically, when the "pitting operation" begins and ends and how one of ordinary skill in this art would understand a "conventional timing system" in a fruit pitting machine.' *See, e.g., Sigler v. American Honda Motor Co.*, 532 F.3d 469, 479 (6th Cir. 2008).

Klopp's opinion regarding the "conventional timing system" is also hobbled because he disclaimed many of the statements in his declaration intended to establish the term's alleged over breadth. Klopp initially contended that "conventional timing systems" could be a mechanical escapement, a dashpot, a lighted fuse, and a heated bimetallic strip. ECF 74, *Declaration of Richard Klopp*, ¶ 71, 73. Although he had opined that <u>all</u> of these examples could be "conventional timing systems" in the claimed pitting machines, Klopp's subsequent testimony establishes that they are anything but "conventional." His supplemental declaration admitted that ". . . I doubt a person of ordinary skill in the art would in fact think of a lighted fuse for controlling a pitter..." (ECF 101, *Klopp Supplemental Decl.*, ¶ 42), [redacted]

[redacted lines 21-28]


Clearly, as Dr. Bowser stated in his declaration, "conventional timing system" is readily understood by one of ordinary skill in the art, and Klopp's equivocating testimony cannot establish invalidity by clear and convincing evidence.

Defendants' argument regarding the "conventional timing system" is also contrary to *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369-1381 (Fed. Cir. 2001) which held that the disclosure of a "commercially available" vacuum sensor was sufficient structure to support a means plus function claim limitation and rejected the accused infringer's argument that the claim was indefinite. "The issue is whether the characterization in the patent specification of the vacuum sensor as a 'commercially available unit' would be understood by one skilled in the art as structure capable of performing the function recited in the claim limitation." *Id.* at 1382. It held affirmatively, stating, "The record reflects, as found by the district court, that vacuum sensors were well known in the art." *Id.* Here, Dr. Bowser establishes that conventional timing system devices well known in the art that are capable of performing the function recited in the claim limitation. ECF 89, *Bowser Decl.*, ¶¶ 91-99. Thus, the disclosure is sufficient under *Budde*.

### III. NEWLY DEVELOPED EVIDENCE REBUTS ALL OF DEFENDANTS' NON-INFRINGEMENT ARGUMENTS.

Defendants move for Summary Judgment of Non-Infringement on four separate bases. Each of these bases fail in light of newly developed evidence because: 1) the Accused Pitters, in fact, include an Actuator; 2) the Claim Construction Order does not limit the claimed "active assembly" to a solenoid or pneumatic actuator, 3) the alleged rotational actuator is a linear actuator or its structural equivalent, and 4) the Accused Pitters include control signals.

#### A. Defendants' Expert, Fadei SA, and an Uninterested Third Party All Confirm The Presence of an Actuator In The Accused Pitters

The Court should reject Defendants' contention that the Accused Pitters do not contain an actuator as set forth in the claims because it is contrary to the evidence. First, the evidence demonstrates the presence of the required actuator within the structures that Vistan alleges correspond to the claimed active assembly:



- The Fadei website, to which Fadei USA refers its customers, references actuators that "perform translational movements of the conveyor belt and rising and lowering of the strokes." *Petersen Decl.*, Exh. C (Fadei Depo., Exh. 40; p. 229:19-230:5; 235:12-14). *See also Petersen Decl.*, Exh. G.

Since the evidence establishes the presence of an actuator in the Accused Pitters, the only *bona fide* dispute is over which components constitute that actuator. This dispute, however, does not prevent a finding of infringement. *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1268 (Fed. Cir. 1999) ("The individual components, if any, of an overall structure that corresponds to the claimed function are not claim limitations. Rather, the claim limitation is the overall structure corresponding to the claimed function. This is why structures with different numbers of parts may still be equivalent under § 112, P 6, thereby meeting the claim limitation."). Thus, the claimed pitters contain the required actuator, and judgment as a matter of law is not appropriate.

### B. Defendants' Argument and Dr. Klopp's Opinion Are Based on a Manufactured Reading of Vistan's Amended Infringement Contentions

Defendants' strained attempt to argue in Reply that Vistan's Amended Infringement Contentions ("AICs") somehow limited a mechanical linear actuator to a single component in the accused machines must be rejected because it is both incorrect and an abuse of the meet and confer process. First, the local patent rules require that the AICs contain a claim chart, stating "for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." Patent L.R. 3-1(c). This required disclosure puts Defendants on adequate notice of plaintiff's theories of infringement. *Renesas Tech. Corp. v. Nanya Tech. Corp.*, 2005 U.S. Dist. LEXIS 44138 (N.D. Cal. 2005) ("Renesas' Second Amended PIC's provides adequate notice to

Nanya about *Renesas' theories of infringement*. This is all that is required at this time.").

Defendants cannot credibly argue that a parenthetical in the AICs accurately stating that the accused structure includes a mechanical linear actuator led them so astray that they lacked notice of Vistan's infringement theories. As required by Local Patent Rule 3-1(c), Vistan identified the structure of the Accused Pitters that performs the function of the "active assembly". The AICs state, in part, that "Part of the active assembly of at least one of the Accused Instrumentalities is a pair of actuator arms (mechanical linear actuators) driven by the same cam that drives the arm of the knife drive assembly. The actuator arms each drive a lever, and each lever is coupled to a cam track." ECF 73-2, *Declaration of Michael Thomas*, Exh. B. Consistent with the AICs, Dr. Bowser opines that "the combination of the Activation Rod [actuator arm] and Drive Link [lever] being driven by the rotation of the Second Crank [cam] and pushing the Cam Tracks in and out (i.e., actuating the Cam Tracks) is an actuator." ECF 88, *Bowser Decl.*, ¶ 51. Nothing in the parenthetical cited by Defendants purports to *limit* the allegation to the actuator arms and *only* the actuators arms as the mechanical linear actuators.

Moreover, Defendants were clearly on notice of Vistan's theory of infringement as evidenced by their expert's lengthy arguments in his first declaration that recognize the very position that they now claim is new. *See* ECF 74 (Klopp Decl., at ¶48 (""If the combination of the knife drive gearmotor, knife driveshaft, and combined Crank-Rocker Mechanism and four-Bar Linkage are viewed collectively as a mechanical actuator (Plaintiff has not alleged this in its Amended Infringement Contentions), then that actuator is not a linear actuator, due to the purely rotary motion it produces."). *See also id. at* ¶¶ 53-54.

Finally, Defendants never even asked Vistan if the parenthetical was intended to so drastically limit the allegations of the mechanical linear actuator during the parties' meet and confer on this issue. Instead Defendants rely on an e-mail from Vistan's counsel discussing the entirely different issue of the Court's construction of the term "active assembly" to include the bi-lateral structure of the Accused Pitters. ECF 73-3, *Thomas Decl.*, Exh. C ("...the Amended

1  Infringement Contentions identify features on the left and right sides of the M-292 as viewed in
2  DEF000038 in accord with the specific language of Judge Spero's order.").[3] Rather than simply
3  asking Vistan if it was accusing only the actuator rod as the mechanical linear actuator,
4  Defendants seized upon language within an e-mail having nothing to do with the topic discussed
5  (gotcha!) and moved for summary judgment. Defendants position is particular indefensible
6  because its interpretation of Vistan's contentions is completely contrary to any reasonable
7  understanding. Calling one piece of a combination an actuator is "untenable. No textbook and no
8  industry literature that I know of points to a single link in a linkage and calls it an actuator." *See*
9  ECF 101 *Klopp Supp. Decl.* at ¶23. Simply put, neither did Vistan.

    **C.    Defendants' Theory that the Claim Construction Order Limits the Actuator to Pneumatics or a Solenoid Is Incorrect, But Even if it is Adopted, the Accused Device Contains the Structural Equivalent of the Claimed Element.**

        1.    Dr. Klopp Previously Testified that Specification Does Not Limit the Actuator to Solenoids or Pneumatics; He Now Contradicts Himself

Vistan contends that none of the Court's claim construction, the specification of the '949 patent, nor the understanding of one of ordinary skill limits the claim coverage to only pneumatic or solenoid actuators. Dr. Klopp previously opined consistently with Vistan's contentions that "the patent specification makes it clear that the 'active assembly' is an actuator of some variety that is a group of connected components." ECF 58, *Richard Klopp Decl. re Claim Construction,* ¶ 28. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It is only through this flip-flop that Dr. Klopp can now opine that the claims only cover pneumatic and solenoid actuators. Because means plus function claims cover "corresponding structure, material, or acts **described in the specification**," where the specification clearly discloses embodiments

---

[3] Regardless, informal e-mails between counsel are not part of the operative infringement contentions (Defendants do not and cannot cite authority to the contrary), and Dr. Klopp's 'opinion' regarding the scope of the AICs must be disregarded because he does not understand their requirements or if an email can form part of the AICs. *Petersen Decl.*, Exh. A (Klopp Depo. p. 132:24-133:5; 133:7-16).

with mechanical linear activators and, moreover, broadly discloses embodiments with "an actuator of some variety," the actuator cannot be limited to pneumatics or solenoids.

### 2. Dr. Klopp Admitted the Equivalency of the Accused Pitters and Pneumatic or Solenoid Actuators



This testimony is consistent with the teachings of a text of Dr. Klopp cited in his own claim construction declaration, Marks' Standard Handbook for Mechanical Engineers. In discussing control systems, it states, "The control components can be actuated pneumatically, hydraulically, electronically, or digitally. Only in a very few applications does actuation affect controllability. **Actuation** is chosen on the basis of economics." *Petersen Decl.*, Exh. D.

Dr. Klopp's opinions regarding structural equivalence must be disregarded in any event, because he doesn't understand the governing principles.

---

[4] Defendants spend much of their time in their Reply Brief arguing against the doctrine of equivalents. See, e.g., ECF 98, *Defendants' Reply Brief*, p. 3, line 20 ("Plaintiff Cannot Avoid Summary Judgment Based on the Doctrine of Equivalents"). But Defendants entire arguments are misplaced because Plaintiff is alleging literal infringement under 35 U.S.C. § 112, ¶ 6, under which structural equivalence constitutes literal infringement.



1
2
3
4
5
6
7
8
9
10
11 *See*
12 *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1311, 1383 (Fed.Cir. 2001).

### D. Defendants' Admit The Accused Actuator is "Almost" Linear

The newly developed evidence confirms Dr. Bowser's opinion that the actuator of the Accused Pitters is substantially linear and any arcuate or vertical motion of the closing tracks is negligible. ECF 89, *Bowser Decl.*, ¶ 64.

See also ECF 88, *Bowser Decl.*, ¶ 69.

Defendants cannot maintain that the motion is anything but substantially linear.

[REDACTED lines 1-6] Thus, a linear actuator is defined by the linear output of the actuator, not by the rotational internal movement of its constituent parts. This is why the actuators of the Accused Pitters are linear actuators regardless of the so-called complex internal motion of the four bar linkage.

### E. Defendants' Arguments Regarding Control Signals Fail Because They Admit That the Servo Motors Receive Electrical Control Signals from the Servo Controllers

Plaintiff moved under Rule 56(d) for more time to obtain discovery regarding the existence of control signals. Before any documents were received, however, Dr. Klopp admitted that "There is no question that the servomotors driving the conveyor or the knives are controlled by electrical signals." ECF 101, *Klopp Supplemental Decl.*, ¶ 33. [REDACTED]



[REDACTED lines 16-21]

Defendants attempt a failed non-infringement argument. Dr. Klopp argues that because the control signals are sent by the servo drive to the pitting motor, there is no way to alter the motion of the pitting head relative to the motion of the actuator. ECF 101, *Klopp Supplemental Decl.*, ¶ 34. But the Claim Construction Order does not require this. It only requires that "the actuators move the cam tracks in response to control signals generated by a timing system operating in synchronism with both the cyclical motion of the holder conveyor and the cyclical motion of the pitting knife assembly." ECF 67, *Claim Construction Order*, p. 28, lines 23-25. Regardless,

Plaintiff disputes Dr. Klopp's factual contentions, and has shown such elements are present in the Accused Pitters. See ECF 89, *Bowser Decl.*, ¶ 79 ("The Activation Rods are bolted to the Drive Links, but they can be adjusted to make them longer or shorter. Such adjustment will adjust the timing of the actuation and the length of the stroke of the Cam Tracks.").

### IV. DEFENDANTS ARE NOW SELLING A MODIFIED PITTING MACHINE THAT WAS NOT INCLUDED IN THE PENDING MOTION

[text redacted] Immediately after learning Defendants were selling the new model in the U.S., Vistan informed Defendants of its intent to amend its infringement contentions and provided proposed Supplemental Infringement Contentions. The parties are meeting and conferring pursuant to the Court's standing order to determine whether a formal motion for leave to amend will be necessary or whether the parties will stipulate to service of the amended contentions. *McFarlane Supp. Decl.*, Exhs. A-F. [text redacted]

### V. CONCLUSION

The Court should deny Defendants' Motion for Summary Judgment in its entirety.

DATED: November 9, 2012               HANSON BRIDGETT LLP

                                      By: [signature]
                                      ROBERT A. McFARLANE
                                      Attorneys for Plaintiff / Counterdefendant
                                      VISTAN CORPORATION

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On November 9, 2012, I served true copies of the following document(s) described as **PUBLIC REDACTED VERSION - PLAINTIFF VISTAN CORPORATION'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

| | |
|---|---|
| Andrew Collier<br>Sean J. Filippini<br>Michael Thomas<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814 | *Attorneys for Defendants/Counterclaimants*<br>**Fadei USA, Inc.; Pan American Engineering and Equipment Co., Inc.; Manuel Silva and Mariani Packing Co., Inc.** |

**BY UPS:** I enclosed said document(s) in an envelope or package provided by UPS and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of UPS.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 9, 2012, at San Francisco, California.

_Laura A. Prongos_
Laura A. Prongos

4825611.1