IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| VISTAN CORPORATION,<br><br>           Plaintiff,<br><br>      v.<br><br>FADEI, USA, INC., et al.,<br><br>           Defendants. | Case No.: C-10-04862 JCS<br><br>**ORDER DENYING DEFENDANTS'**<br>**MOTION FOR ATTORNEY'S FEES** |

## I.      INTRODUCTION

Following summary judgment of non-infringement in favor of Defendants, Defendants now move for an award of attorney's fees, asserting that Plaintiff's pursuit of this litigation was objectively baseless and conducted in bad faith. Dkt. No. 146 (Defendants' Motion for Attorney's Fees ("Motion")). Defendants also argue that they are entitled to attorney's fees pursuant to California state law for defending against Plaintiff's breach of contract claim. *Id.* The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7–1(b). The April 5, 2013 hearing is accordingly VACATED. For the reasons stated below, the Motion is DENIED.

1

2   **II.      BACKGROUND**

3          On October 27, 2010, Plaintiff filed a complaint alleging infringement by Defendants of U.S.

4   Patent No. 5, 870,949.  Dkt. No. 1.  Plaintiff also alleged a separate claim for breach of contract

5   against Defendant Mariani.  *Id.*  On January 10, 2013, this Court granted summary judgment of non-

6   infringement in favor of Defendants.  Dkt. No. 143.  Because no federal claim remained following

7   summary judgment, the Court declined to exercise pendant jurisdiction and dismissed without

8   prejudice Plaintiff's contract claim for want of federal jurisdiction.  *Id.* at 2.

9   **III.     ANALYSIS**

10          **A.      Whether Plaintiff Acted in Bad Faith or Asserted an Objectively Baseless
                      Position**

11

12          Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney[s'] fees

13   to the prevailing party."  The Federal Circuit has stated that

14              Section 285 must be interpreted against the background of the Supreme Court's
                decision in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries,*
15              *Inc.*, 508 U.S. 49 (1993). There, the Court recognized that the right to bring and
                defend litigation implicated First Amendment rights and that bringing allegedly
16              frivolous litigation could only be sanctioned if the lawsuit was "objectively baseless
                in the sense that no reasonable litigant could realistically expect success on the
17              merits." *Id.* at 60. "Only if challenged litigation is objectively meritless may a court
                examine the litigant's subjective motivation." *Id.*
18

19

20   *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1376 (Fed. Cir. 2011).  Some examples of actions

21   warranting attorney's fees are "when there has been some material inappropriate conduct related to

22   the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the

23   patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R.

24   Civ. P. 11, or like infractions."  *Id.*  Further, "absent misconduct during patent prosecution or

25   litigation, sanctions may be imposed against a patent plaintiff only if both (1) the litigation is

26   brought in subjective bad faith, and (2) the litigation is objectively baseless."  *Id.* at 1377 (internal

27   quotation marks omitted).  "Under this exacting standard, the plaintiff's case must have no objective

28   foundation, and the plaintiff must actually know this.  Both the objective and subjective prongs of

United States District Court
Northern District of California

1  [the test] must be established by clear and convincing evidence." *Id.* (internal quotation marks

2  omitted).

3        Although Defendants spend a wealth of time seeking to rehash their claim construction and

4  summary judgment arguments, the Court finds the discussion unhelpful for purposes of deciding the

5  present Motion.  In short, Defendants have not met their high burden to show by clear and

6  convincing evidence that this suit was brought frivolously or that Plaintiff's position following claim

7  construction was objectively baseless.   Defendants' argument for fees centers around their view that

8  the Court's Claim Construction Order "was susceptible to only one reasonable interpretation."  Dkt.

9  No. 146 at 4.  While Plaintiff's interpretation of the Order was ultimately unsuccessful, Defendants

10  have not shown by clear and convincing evidence that Plaintiff's interpretation "was so unreasonable

11  that no reasonable litigant could believe it would succeed." *Id.* at 1378.  In addition, the Court finds

12  no bad faith by Plaintiff at any point in this litigation.

13        Defendants' Motion pursuant to Section 285 is accordingly denied.[1]

14  **B.     Contract Claim**

15        The parties dispute whether Defendants should be awarded attorney's fees for work done

16  pursuant to Plaintiff's contract claim, which this Court dismissed without prejudice for lack of

17  federal jurisdiction.  The Court finds that attorney's fees are not warranted and therefore denies

18  Defendants' Motion.

19        Federal courts apply state law in determining whether to award attorney's fees in an action

20  on a contract. *Ford v. Baroff*, 105 F.3d 439, 442 (9th Cir. 1997).  California Civil Code Section

21  1717 provides, in relevant part:

22          In any action on a contract, where the contract specifically provides that attorney's
23          fees and costs, which are incurred to enforce that contract, shall be awarded either

24          [1]  Plaintiff's Opposition to the Motion purports to move for sanctions against Defendants,
25  arguing that the Motion is frivolous. Dkt. No. 150 at 22.  Plaintiff's request, however, is procedurally
    improper and will not be considered.  Civil Local Rule 7-8 requires that motions for sanctions be
26  separately filed and formally noticed.  Further, "[u]nless otherwise ordered by the Court, no motion
for sanctions may be served and filed more than 14 days after entry of judgment by the District
27  Court."  Civ. L. Rule 7-8(d).  Plaintiff's request for sanctions was not separately filed, formally
noticed, or brought within 14 days of judgment absent a Court order allowing otherwise.  Plaintiff's
28  request accordingly fails to conform to the Local Rules.

to one of the parties or to the prevailing party, then the party who is determined to be *the party prevailing on the contract*, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added).  The statute further provides that "the party prevailing on the contract shall be the party who recovered greater relief in the action on the contract." *Id.* § 1717(b)(1).  "The court may also determine that there is no party prevailing on the contract for purposes of this section." *Id.*  The California Supreme Court has provided the following guidance in applying Section 1717:

> [I]n deciding whether there is a party prevailing on the contract, the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, and similar sources. The prevailing party determination is to be made *only upon final resolution of the contract claims* and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.

*Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) (emphasis added).  "*[I]n determining litigation success*, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'" *Id.* at 877 (emphasis original).

Federal district courts appear uniform in denying fees under Section 1717 where a non-merits decision results in dismissal of the contract claim.  *See Laurel Village Bakery, LLC v. Global Payments Direct, Inc.*, 2007 WL 4410396, at \*4 (N.D. Cal. Dec. 14, 2007) (Jenkins, J.) (denying attorney's fees following dismissal for improper venue and reasoning under *Hsu* that "[d]efendants do not constitute a 'prevailing party' entitled to fees because no decision has been reached on the merits of Plaintiff's contract claims"); *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005) (Armstrong, J.) ("[T]his Court's dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that Plaintiff could pursue its contract claims in state court. Thus, it remains to be seen which entity is the 'prevailing party' on Plaintiff's contract action."); *N.R. v. San Ramon Valley Unified Sch. Dist.*, 2006 WL 1867682, at \*7 (N.D. Cal. July 6, 2006) (Illston, J.) (finding that while the defendant prevailed in the "action" by successfully arguing that the court lacked jurisdiction, it did not prevail "on the contract claim" and therefore fees were not

4

United States District Court
Northern District of California

appropriate under Section 1717); *Advance Fin. Res., Inc. v. Cottage Health Sys., Inc.*, 2009 WL 2871139, at \*2 (D.Or. Sep. 1, 2009) (holding that defendant was not a prevailing party under Section 1717 because the "contract claim was dismissed on jurisdictional grounds and there [had] been no final resolution of the underlying contract claim"); *Garzon v. Varese*, 2011 WL 103948, at \*3 (C.D. Cal. Jan. 11, 2011) (stating that because "Defendant secured a dismissal on technical grounds, rather than a judgment on the merits of the contract claim, he is not the prevailing party within the meaning of section 1717 and is, therefore, not entitled to attorney's fees").

While the California state courts appear to diverge on the issue, the cases nonetheless support denying Defendants' Motion. In *Estate of Drummond*, 149 Cal. App. 4th 46 (2007), a party's contract claim against will contestants was dismissed from probate court as having been brought in the wrong forum; the contract claim, the court ruled, must instead be brought in an already pending civil action. *Id.* at 49. Following dismissal, the will contestants moved for attorney's fees under California Civil Code 1717(a), arguing that they were the prevailing parties on the contract action in the probate court. *Id.* The court denied an award of attorney's fees under Section 1717(a), reasoning that the will contestants must await the final resolution of the contract claims in the civil action. *Id.* at 51. The court rejected the will contestants' argument that the phrase "final resolution" simply meant "final for the purposes of a particular lawsuit." *Id.* The court noted that this argument was inconsistent with the plain meaning of the "phrase 'prevailing on the contract,' which implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement." *Id.* The will contestants had "obtained only an interim victory, based on [the attorney] having attempted to pursue his claims in the wrong forum." *Id.* The court also found that the dismissal of the probate action was not the kind of final resolution contemplated by *Hsu*; it "determined nothing except that Desmarais had to pursue his claims against [the will contestants] in the civil case." *Id.* at 52. Finally, the court found significant the California Legislature's decision to amend Section 1717, and replace the term "prevailing party" with "party prevailing on the contract." *Id.* This change "shifted the emphasis from victory at a particular stage of the proceedings to victory 'on the contract.'" *Id.* The will contestants had "at no time won a victory 'on the contract.' They ha[d] only succeeded at moving a determination on the merits from one forum to another." *Id.* at 52-53.

United States District Court
Northern District of California

1    Here, not only was there no determination of the contract claim's merits, the parties did not

2    even seriously litigate the issue.  As in *Drummond*, Defendants have "only succeeded at moving a

3    determination on the merits from one forum to another." *Id.* at 52-53.  Further, taking into account

4    "equitable considerations" and substance over form, *Hsu*, 9 Cal. 4th at 877, the Court finds it would

5    be inappropriate to award attorney's fees in this case where the contract claim was never seriously

6    litigated.  As Defendants' own motion for summary judgment states in arguing that the Court should

7    decline to grant supplemental jurisdiction over the contract claim: "only minimal discovery

8    concerning Plaintiff's breach of contract claim against Mariani has been conducted, and this claim

9    has not been the subject of any hearings or Court orders." Dkt. No. 71 at 4.  In other words, the

10   work on the contract claim in this case was *de minimis*.

11   The cases cited by Defendants do not compel a different result.  In *Profit Concepts*

12   *Management, Inc. v. Griffith*, 162 Cal. App. 4th 950, 956 (2008), the court found that an award of

13   attorney's fees was appropriate where the court had dismissed a contract claim for lack of personal

14   jurisdiction, reasoning that "[t]he case *in California* has been finally resolved."  (emphasis original).

15   The court rejected the argument that attorney's fees should not be awarded because plaintiff had

16   refiled the contract claim in Oklahoma: "We find nothing in the language of the statute or of *Hsu v.*

17   *Abbara*, or any other case, that requires resolution in another state on the merits of a contract claim

18   first asserted in California before a prevailing party can be determined here, when the matter has

19   been completely resolved vis-à-vis the California courts." *Id.*  Similarly, in *PNEC Corp. v. Meyer*,

20   190 Cal. App. 4th 66 (2010), the court granted attorney's fees following dismissal of a contract

21   claim for *forum non conveniens*.  The court appeared to distinguish *Drummond*, asserting that "it

22   clearly appeared that the party seeking an award of fees [in *Drummond*] faced no obstacles in

23   pursuing an award in a different department of the same court," whereas the party in *PNEC* could

24   pursue the contract claim and any future award only in Washington.  *PNEC*, 190 Cal. App. 4th at 72-

25   73.  Unlike in *Profit Concepts* and *PNEC*, the matter here has *not* "been completely resolved vis-à-

26   vis the California courts."  In fact, California state court is likely the only forum in which Plaintiff

27   will, and can, pursue its contract claim if it wishes to do so.

28

1    Further, *Profit Concepts* and *PNEC* appear contrary to *Hsu* and the plain language of Section

2    1717, which require that the prevailing party determination "be made only upon final resolution of

3    the contract claims." *Hsu*, 9 Cal. 4th at 876; *see Advance Fin.*, 2009 WL 2871139, at *4 (finding

4    *Profit Concepts* inconsistent with *Hsu*, *Drummond*, and Section 1717).[2]  Neither *Profit Concepts* nor

5    *PNEC*, nor Defendants for that matter, explain the departure from the clear language in *Hsu* and

6    Section 1717.

7    Even if the Court were to find that attorney's fees could be awarded in this case under

8    Section 1717, Defendants have not presented sufficient evidence supporting its contention that any

9    significant work was done on the contract claim in this action.  As already noted, Defendants have

10   stated that only "minimal" discovery concerning the contract claim has been conducted.  In addition,

11   Defendants state that "[t]he work done on the defense of the contract claim was often times

12   intertwined with the work involved in the defense of the patent infringement claims."  Dkt. No. 147,

13   Thomas Declaration ¶ 31.  Nonetheless, Defendants assert that they estimate that ten percent of their

14   hours were billed on the contract claim and, "out of an abundance of caution," seek between $34,250

15   (five percent of total fees) and $68,500 (ten percent of total fees).  *Id.*  Defendants provide no basis

16   for this estimation.  Rather, Defendants generally state that these fees were incurred "on

17   interrogatories, requests for production, responses to requests for production, document review,

18   deposition preparation, deposition questions and answers, as well as research, analysis, and modest

19   briefing." *Id.*  Defendants, however, do not point to a single discrete task that they billed on the

20   contract claim.  Given Defendants' earlier concession that only "minimal" discovery concerning the

21   contract claim was conducted, Defendants' statement that the work on the contract claim was "often

22   times" intertwined, and Defendants' failure to show any actual work done on the claim, the Court

23   declines to award attorney's fees, even assuming such fees are awardable in this case.

---

24       [2]  Defendants also cite to *Kandy Kiss of Cal., Inc. v. Tex-Ellent, Inc.*, 209 Cal. App. 4th 604
25   (2012), *superseded by grant of review*, 291 P.3d 326 (Cal. Jan 16, 2013), which adopted the holdings
     in *Profit Concepts* and *PNEC* in holding that a party was a prevailing party under Section 1717
26   where the contract claim was dismissed from state court because jurisdiction rested exclusively in
     federal court under the Federal Copyright Act.  *Kandy Kiss*, however, has been vacated pending
27   review by the California Supreme Court.  Moreover, the Court does not find the reasoning in that
     case persuasive; the court simply summarizes *Drummond*, *Profit Concepts*, and *PNEC*, and holds
28   that the latter two cases are more persuasive.

**IV.      CONCLUSION**

For the reasons stated, Defendants' Motion is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2013

_____

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

8